E. Paul Dougherty, Jr.
Ashan K. Peiris
555 S. Flower Street Suite 2900
Los Angeles, CA 90071
Telephone: 213.443.5100
Facsimile: 213.443.5101
Paul.Dougherty@wilsonelser.com
Ashan.Peiris@wilsonelser.com

David M. Ross, *admitted pro hac vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: 202.626.7687
Facsimile: 202-628-3606
David.Ross@wilsonelser.com

*Attorneys for Defendant Zuru, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HANNAH BUI and MATTHEW HURTADO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZURU, LLC,<br><br>Defendant. | Civil No. 2:23-cv-06125-MRA-MRWx<br><br>**DEFENDANT ZURU, LLC'S RENEWED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: May 16,2024<br>Time: 1:30 p.m.<br>Courtroom: 10B<br>Before: Judge Mónica Ramírez Almadani |

TO PLAINTIFFS AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2024, or as soon thereafter as ca n be heard in Courtroom 10B of the Honorable Mónica Ramírez Almadani, locate d on the 10th floor of the United States Courthouse, 350 W. 1st Street, Los Angele s, California, 90012, Defendant Zuru, LLC will move, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss Plaintiffs' First Amended Complaint ("FAC").

///

///

///

As set forth in detail in Zuru's contemporaneously filed Memorandum of Law in Support of this Renewed Motion to Dismiss, which is incorporated by reference herein, the bases for this Motion to Dismiss include:

1. Plaintiffs bring suit alleging various causes of action in tort and in contract relating to Zuru's Baby Shark bath toy. There is currently a United States Consumer Product Safety Commission product recall of the Baby Shark bath toy. FAC ¶¶ 1, 11 [D.E. 26, p. 3-4].
2. Plaintiffs lack standing to bring this action when there is already a refund for the Baby Shark toy available to them, and they fail to allege any injury they have incurred other than the cost of the toy. *See Savoy v. Collectors Universe, Inc.*, No. SA CV 20-00632-DOC-ADS, 2020 U.S. Dist. LEXIS 156284, at *13 (C.D. Cal. July 21, 2020).
3. The existence of the recall, and the full refund that can be attained by the Plaintiffs, also warrants a prudential mootness finding, because Plaintiffs seek the same remedy in court that is already available to them. *See Tosh-Surryhne v. Abbott Labs, Inc.*, No. CIV S-10-2603 KJM-EFB, 2011 U.S. Dist. LEXIS 110107, at *15-16 (E.D. Cal. Sept. 26, 2011).
4. The FAC should be dismissed with prejudice because Plaintiffs do not have standing to bring suit, as they have not alleged an injury, and have no way to rectify their lack of standing through any amendment.
5. Independently, Plaintiffs' unjust enrichment claim must be dismissed as California does not recognize a cause of action for unjust enrichment. *See Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015). Moreover, Plaintiffs failed to allege that Zuru has been enriched, in light of the recall by which Zuru is offering a full refund.

///

///

///

6. Plaintiffs' causes of action for strict product liability, negligence, and fraudulent concealment are also precluded by California's economic loss rule, because Plaintiffs only allege damage to the Baby Shark bath toy itself, and no other personal injury or property damage. *See Nada Pac. Corp. v. Power Eng'g & Mfg., Ltd.*, 73 F. Supp. 3d 1206, 1221 (N.D. Cal. 2014).
7. Plaintiffs' fraudulent concealment cause of action is further subject to dismissal because Plaintiffs fail to plead the elements of fraud with specificity, as required by Fed. R. Civ. P. 9(b), and instead include broad and conclusory statements with no particularity.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 22, 2024. The conference took place in person, at Plaintiffs' counsel's office, and was transcribed by a court reporter, as required by the Court's February 15, 2024, Order, ECF #46. Attached as Exhibit A are copies of all correspondence related to the meet and confer conference, as well as the transcript of the February 22, 2024 conference. In addition, attached as Exhibit B is the declaration required by Local Rule 7-17 for the resubmission of motions that were previously acted upon.

///

///

///

///

///

///

///

///

///

///

///

WHEREFORE, for the foregoing reasons and as set forth in the accompanying Memorandum of Law in Support of this Renewed Motion to Dismiss along with matter upon which the Court may take judicial notice, Defendant Zuru, LLC respectfully requests that this Court grant its Motion to Dismiss with prejudice.

Dated: March 6, 2024

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By: *<u>/s/ Ashan K. Peiris</u>*
E. Paul Dougherty, Jr.
Ashan K. Peiris
555 S. Flower Street
Suite 2900
Los Angeles, CA 90071
Telephone: 213.443.5100
Facsimile: 213.443.5101
Paul.Dougherty@wilsonelser.com
Ashan.Peiris@wilsonelser.com

David M. Ross, *admitted pro hac vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: 202.626.7687
Facsimile: 202-628-3606
David.Ross@wilsonelser.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2024, a true and correct copy of Zuru's Motion to Dismiss, Memorandum of Law in Support and Proposed Order were served on all parties and counsel of record via ECF.

*/s/ Ashan K. Peiris*
Ashan K. Peiris

*Attorneys for Defendant*

# EXHIBIT A.1

**Ross, David**

**From:** Ross, David
**Sent:** Tuesday, February 20, 2024 11:39 AM
**To:** Paul Doolittle
**Cc:** Blake Abbott; CMAD; Dougherty Jr., E. Paul; Paul Doolittle; Peiris, Ashan; eric.poulin@poulinwilley.com; yanni@bohrenlaw.com
**Subject:** RE: Activity in Case 2:23-cv-06125-FMO-MRW Hannah Bui v. Zuru, LLC Order on Motion to Strike - Request for Conferral

Paul,

We are confirmed for 8 a.m. A court reporter from Veritext has been scheduled.

Regards,

David Ross
Attorney at Law
Wilson Elser LLP
1500 K Street, NW, Suite 330
Washington, D.C. 20005
202.626.7687 (Direct)
703.915.3549 (Cell)
202.626.7660 (Main)
202.628.3606 (Fax)
david.ross@wilsonelser.com

---

**From:** Paul Doolittle <pauld@akimlawfirm.com>
**Sent:** Tuesday, February 20, 2024 11:37 AM
**To:** Ross, David <David.Ross@wilsonelser.com>
**Cc:** Blake Abbott <blake.abbott@poulinwilley.com>; CMAD <cmad@poulinwilley.com>; Dougherty Jr., E. Paul <Paul.Dougherty@wilsonelser.com>; Paul Doolittle <paul.doolittle@poulinwilley.com>; Peiris, Ashan <Ashan.Peiris@wilsonelser.com>; eric.poulin@poulinwilley.com; yanni@bohrenlaw.com
**Subject:** Re: Activity in Case 2:23-cv-06125-FMO-MRW Hannah Bui v. Zuru, LLC Order on Motion to Strike - Request for Conferral

**EXTERNAL EMAIL** This email originated from outside the organization.

David - Just confirming our agreement to start at 8:00 am est that morning and we look forward to seeing you then.

On Fri, Feb 16, 2024 at 5:00 PM Ross, David <David.Ross@wilsonelser.com> wrote:

> Thank you Paul. We will lock that in and look forward to it. I'll follow up if a court reporter reference is needed.
>
> Regards,

David Ross
Attorney at Law
Wilson Elser LLP
1500 K Street, NW, Suite 330
Washington, D.C. 20005
202.626.7687 (Direct)
703.915.3549 (Cell)
202.626.7660 (Main)
202.628.3606 (Fax)
david.ross@wilsonelser.com

---

**From:** Paul Doolittle <pauld@akimlawfirm.com>
**Sent:** Friday, February 16, 2024 4:55 PM
**To:** Ross, David <David.Ross@wilsonelser.com>
**Cc:** Blake Abbott <blake.abbott@poulinwilley.com>; CMAD <cmad@poulinwilley.com>; Dougherty Jr., E. Paul <Paul.Dougherty@wilsonelser.com>; Paul Doolittle <paul.doolittle@poulinwilley.com>; Peiris, Ashan <Ashan.Peiris@wilsonelser.com>; eric.poulin@poulinwilley.com; yanni@bohrenlaw.com
**Subject:** Re: Activity in Case 2:23-cv-06125-FMO-MRW Hannah Bui v. Zuru, LLC Order on Motion to Strike - Request for Conferral

**EXTERNAL EMAIL** This email originated from outside the organization.

It does indeed. If you need a court reporter suggestion just let me know.

On Fri, Feb 16, 2024 at 4:52 PM Ross, David <David.Ross@wilsonelser.com> wrote:

Thank you Paul. And to confirm, does February 22, 2024 at 10 am at your Charleston office work?

David Ross
Attorney at Law
Wilson Elser LLP
1500 K Street, NW, Suite 330
Washington, D.C. 20005
202.626.7687 (Direct)
703.915.3549 (Cell)
202.626.7660 (Main)
202.628.3606 (Fax)
david.ross@wilsonelser.com

**From:** Paul Doolittle <pauld@akimlawfirm.com>
**Sent:** Friday, February 16, 2024 4:50 PM
**To:** Ross, David <David.Ross@wilsonelser.com>
**Cc:** Blake Abbott <blake.abbott@poulinwilley.com>; CMAD <cmad@poulinwilley.com>; Dougherty Jr., E. Paul <Paul.Dougherty@wilsonelser.com>; Paul Doolittle <paul.doolittle@poulinwilley.com>; Peiris, Ashan <Ashan.Peiris@wilsonelser.com>; eric.poulin@poulinwilley.com; yanni@bohrenlaw.com
**Subject:** Re: Activity in Case 2:23-cv-06125-FMO-MRW Hannah Bui v. Zuru, LLC Order on Motion to Strike - Request for Conferral

**EXTERNAL EMAIL** This email originated from outside the organization.

We would be happy to have y'all visit Charleston.

On Fri, Feb 16, 2024 at 9:16 AM Ross, David <David.Ross@wilsonelser.com> wrote:

Counsel,

We represent Zuru, LLC, defendant in this matter. Attached and as referenced below is an order issued by the Court yesterday, February 15, 2024. The Court denied defendant's motion to dismiss and motion to strike without prejudice due, in part, to a failure to meet and confer seven days before filing. While the parties met and conferred on November 3, 2023 and the parties stipulated that defendant had until November 10, 2023 to file the motions (ECF No. 27), defendant filed its motions later in the day on November 3, 2023.

The Court's order requires defendant to "file its Answer or a motion to dismiss and motion to strike no later than **March 7, 2024**. In the event defendant wishes to file another motion to dismiss or strike, then counsel for the parties shall, on **February 22, 2024, at 10:00 a.m.**[1] meet and confer in person at plaintiffs' counsel's office to discuss defendant's motions. The meet and confer must be transcribed by a court reporter. If the transcript of the meet and confer does not demonstrate a good faith effort by the parties to resolve each issue in dispute, the motions will be denied and/or sanctions will be imposed for failure to participate in the meet and confer process in good faith." In a footnote, the Court noted that in connection with the February 22, 2024, 10 a.m. conferral, "Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement…"

We are available to meet and confer at your offices on February 22, 2024 at 10:00 a.m. We can do so at Poulin Willey's office in Charleston, South Carolina, or Bohren Law's office in West Hollywood, California. We are also available earlier or later in the day on February 22, 2024. If that day is entirely unavailable, please let us know the next available date. Also, if either office is unavailable, please let us know and in which city you would like to meet and we will arrange for a court reporter to attend.

Thank you,

David Ross
Attorney at Law
Wilson Elser LLP
1500 K Street, NW, Suite 330
Washington, D.C. 20005
202.626.7687 (Direct)
703.915.3549 (Cell)
202.626.7660 (Main)
202.628.3606 (Fax)
david.ross@wilsonelser.com

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Thursday, February 15, 2024 3:25 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:23-cv-06125-FMO-MRW Hannah Bui v. Zuru, LLC Order on Motion to Strike

**EXTERNAL EMAIL** This email originated from outside the organization.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 2/15/2024 at 12:24 PM PST and filed on 2/15/2024

| | |
|---|---|
| **Case Name:** | Hannah Bui v. Zuru, LLC |
| **Case Number:** | 2:23-cv-06125-FMO-MRW |
| **Filer:** | |
| **Document Number:** | 46 |

**Docket Text:**
**MINUTES (IN CHAMBERS) ORDER by Judge Fernando M. Olguin. Defendants' Motion to**

**Strike [28] and Motion to Dismiss [29] are denied without prejudice. Defendant shall file an answer or motion to dismiss no later than 3/7/2024. (vdr)**

**2:23-cv-06125-FMO-MRW Notice has been electronically mailed to:**

E Paul Dougherty hazelle.nunez@wilsonelser.com, paul.dougherty@wilsonelser.com

Paul J. Doolittle paul.doolittle@poulinwilley.com

Blake G. Abbott cmad@akimlawfirm.com, blake.abbott@poulinwilley.com, efile.akimlaw@gmail.com

Eric Marc Poulin eric@akimlawfirm.com, eric.poulin@poulinwilley.com

David M Ross david.ross@wilsonelser.com

John C. Bohren yanni@bohrenlaw.com

Ashan Kyle Peiris ashan.peiris@wilsonelser.com, fabiola.sanchez@wilsonelser.com

**2:23-cv-06125-FMO-MRW Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

# EXHIBIT A.2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HANNAH BUI, ET AL,
Plaintiffs,
vs. CASE NO. CV 23-6125 FMO (MRWx)
ZURU, LLC,
Defendant.

Meet-and-Confer

DATE: February 22, 2024
TIME: 9:01 a.m.
LOCATION: Law Offices of Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC

REPORTED

REMOTELY BY: ERIC GLAZIER, Court Reporter

APPEARANCES OF COUNSEL:

ATTORNEYS FOR PLAINTIFFS
HANNAH BUI, ET AL:

POULIN WILLEY ANASTOPOULO
BY: BLAKE ABBOTT
32 Ann Street
Charleston, SC 29403
(800) 777-7777
Blake@akimlawfirm.com

ATTORNEYS FOR DEFENDANT
ZURU, LLC:

WILSON ELSER MOSKOWITZ EDELMAN & DICKER
BY: DAVID ROSS
1500 K Street NW
Suite 330
Washington, DC 20005
David.ross@wilsonelser.com



P R O C E E D I N G S

\- - - - -

MR. ROSS: Good morning. My name is David Ross. I'm an attorney with Wilson Elser. We are meeting today, which is February 22nd, 2024. The time is 9:01 a.m. I'm at the offices of Poulin Willey in Charleston, South Carolina.

We are appearing at a meet-and-confer pursuant to a court order that was issued on February 14th, 2024, bearing ECF Number 46, in Case Hannah Bui, B-U-I, et al., versus Zuru, Z-U-R-U, LLC. That is Case Number 2:23-CV-016125-FMO-MRW, issued by Judge Olguin, O-L-G-U-I-N.

The order states that, in part, Defendant shall file its answer or a motion to dismiss and motion to strike no later than March 7, 2024. And that's after the Court denied the motion to strike and motion to dismiss filed by Defendant without prejudice.

The court order reads, in the event Defendant wishes to file another motion to dismiss or strike, then counsel for the parties shall, on February 22nd, 2024, at 10:00 a.m. -- or we can meet at another time and place without seeking Court approval -- meet and confer in person at



Plaintiffs' counsel's office to discuss Defendant's motions.

The court order continues, the meet-and-confer must be transcribed by a court reporter; if the transcript -- if the transcript of the meet-and-confer does not demonstrate a good faith effort by the parties to resolve each issue in dispute, the motions will be denied and/or sanctions will be imposed by failure to participate in the meet-and-confer process in good faith.

And then it says that the motions must include copies of the meet-and-confer letters, as well as a transcript, and that we have to attach communications and the transcript to any motions that are filed.

And so pursuant to this court order, we are meeting here today at the offices. And I'll let Mr. Abbott speak to the time frame involved.

MR. ABBOTT: Good morning. This is Blake Abbott, on behalf of the plaintiff, Hannah Bui and Matthew Hurtado and on behalf of the putative class. I'm with the law firm of Poulin Willey Anastopoulo.

I am here with David Ross in person in our office on -- at 32 Ann Street, Charleston,



South Carolina.

Mr. Ross and I began convening around 7:50 a.m. this morning, Eastern Time, for a meet-and-confer scheduled pursuant to court order for this date. The scheduled time was to occur at 8:00 a.m. Eastern Time. Due to complications with cell phone receptions, including AT&T, and also traffic incidents, the scheduled time did not begin until 9:01. The court reporter that was to meet with us in person at the office was not able to make it due to traffic and other things out of her control.

And that -- because of that, we sought the assistance of the court reporter to attend virtually while me and Mr. Ross, counsel for Defendant, continue to meet in person.

MR. ROSS: Thank you, Mr. Abbott.

So the -- so while the -- as Mr. Abbott indicated, so while the transcript will indicate a start time of around 9:01 a.m., Mr. Abbott and I have been meeting since 7:50 a.m. this morning, but we'll go ahead and commence the transcribed meet-and-confer portion of this.

And by way of background, well, counsel on behalf of Plaintiffs filed an amended class

Page 6

action complaint. Defendants received an extension to file their motions in response to that pleading until November the 10th, 2023. On November the 3rd, 2023, counsel for Defendant and Plaintiffs met and conferred. Defendants then, instead of waiting till the deadline of November the 10th, filed their motions later that day, on November the 3rd.

Plaintiffs then filed their oppositions to both motions on November the 24th, 2023, and then Defendant filed its replies to both the motion to dismiss and the motion to strike class allegations on November the 30th, 2023.

Those are the motions that are the subject of the February 15th, 2024, court order that has resulted in the in-person meet-and-confer today, in which Mr. Abbott and I are both here in person at his offices in Charleston, South Carolina.

So we will begin by addressing a preliminary motion that was filed in connection with a motion to dismiss and a motion to strike, and that was a request for judicial notice.

And in that request for judicial notice, which accompanied the motions, Defendant requested that the Court take judicial notice of

Page 7

the recall website that the Consumer Product Safety Commission established in connection with the subject matter of the dispute, which are the Baby, capital B, Shark, capital S, bath toys that Zuru, LLC distributed and that resulted in a recall and a refund being instituted.

In connection with that matter that is the subject of the pleading, Zuru filed their request for judicial notice that the Court enter an order taking judicial notice of the Consumer Product Safety Commission recall website and the documentation featured on that website and the refund associated and referenced therein.

And that's the first topic for discussion today, whether the Court properly took judicial notice under Federal Rule of Evidence 201 of the CPSC recall website, the refund offered therein, and the documentation featured on that website.

So I'll just ask if Plaintiffs take the position as to the request for judicial notice or oppose that request for judicial notice that accompanied the motions.

MR. ABBOTT: In response to that request, Plaintiffs do not oppose Defendant's

Page 8

request to take judicial notice of the recall website.

MR. ROSS: Thank you, Mr. Abbott.

We'll turn to the -- the motion to dismiss, which was filed originally on November the 3rd, 2023, and we'll just approach the -- the topics, the issues that were raised in that motion. Then we'll discuss them as we proceed through with each major topic area, and we'll pause and discuss each one.

The -- the threshold argument that defendants raised in the motion to dismiss was our contention that Plaintiffs -- and by plaintiffs, we mean the two named plaintiffs -- they lack standing under Article Three of the United States Constitution to bring this action.

It is Defendant's position that Plaintiffs must be able to assert an injury and that the injury must be concrete, particularized, and actual or imminent, and fairly traceable to the challenged action and redressable by a favorable ruling, and that under the circumstances presented in the complaint -- and by complaint, I'm referencing the first amended complaint -- and the circumstances at issue here, neither of the two

Page 9

named plaintiffs, Hannah Bui, B-U-I, or Matthew Hurtado, actually alleged they were injured by the Baby Shark bath toy or that they otherwise experienced any harm as a result of the purchase of the toys at issue.

They allege -- Plaintiffs allege that the -- as is the cause of the recall and the refund, that the Baby Shark bath toys have dangerous and sharp edges that could cause impalement, but neither plaintiff alleges in the complaint any such personal injury occurred to them or to a member of their family or anyone else in connection with the specific toys that they purchased.

And so therefore, Defendants raised, in the motion to dismiss, that Plaintiffs cannot establish Article Three standing. A, they don't allege personal injury from the toy itself. And they -- to the extent they allege the cost of the toy itself is an injury, Plaintiffs already have a way to recover those costs through the recall and the full refund.

The recall and the refund obviously are matters of fact through the CPSC website. The plaintiffs don't make any allegations about the

recall. They don't assert that they tried to obtain a refund and were turned away by Zuru, that they received a refund that was insufficient or that the refund does not provide a full recovery of what Plaintiffs seek in this action.

So it is Defendant's position that Plaintiffs here cannot establish standing, or try to manufacture standing to bring a lawsuit, when the relief that they seek was available to them, and the recall and refund was available prior to the institution of the original lawsuits filed in this matter and then, of course, after the filing of the first amended complaint, it was available before then as well.

So prior to the filing of the lawsuit, the recall and refund were available, and the plaintiffs don't bring any viable reason in the first amended complaint why they did not chose to -- choose to pursue the available recall or refund option.

Defendant's position is that where Plaintiff has an available remedy and they -- Plaintiff fails to avail himself or herself of the remedy, that does not create standing for the plaintiffs to sue to seek the same remedy they



could have obtained through the recall and the refund.

So based on those and, of course, a variety of case law cited, understandably, by both sides, wanting to meet and confer on that first issue and ask, A, obviously, for Plaintiffs to state their position on standing and, B, whether Plaintiffs are willing to dismiss either or both of their claims in this matter.

I'll turn it over to Mr. Abbott now to respond.

MR. ABBOTT: Thank you.

Plaintiffs do not consent to dismiss or do not consent to Defendant's position that Plaintiffs do not have Article Three standing in this case. And, of course, I'm happy to explain why it is that we do not agree with Defendant's position on this topic.

First, Defendant presents that Plaintiffs cannot satisfy Article Three standing because neither of them have suffered a personal injury related to the dangers contained by the -- by the Zuru Baby Shark products. That is not a requirement for Article Three standing. And there are cases cited also, and I'll respond, that



support that that is not required in order to have standing.

What Plaintiffs do allege and why we do not consent to dismiss for lack of standing is that Plaintiffs were -- had suffered injuries, and those injuries exceed that with which the recall calls for.

Plaintiffs allege that they suffered economic harms in that they purchased a product that they would not have otherwise purchased, or had paid more for a product that was of a lesser value.

But Plaintiffs also allege that they have suffered injuries in that they have lost use of the product and that there are other related damages that the recall itself does not completely cover.

Further, it is not a requirement for Article Three standing that Plaintiffs engage or attempt to utilize the unilateral offer made on behalf of the defendant to satisfy all that they are seeking. And even if they did, which the complaint does not allege they did, it would not satisfy all of the damages that they are alleging in this particular case. And therefore, Article



Three standing is still satisfied and remains.

I'm happy to answer any further questions that you may have as to Plaintiffs' position on this, but that is Plaintiffs' position as to the Article Three standing issue.

MR. ROSS: Okay. So obviously Defendant's position is that there are insufficient allegations in the complaint to establish Article Three standing, particularly under the circumstances of the recall and the refund opportunity.

But just to complete the meet-and-confer process on this particular issue that Plaintiffs lack threshold standing to confirm that -- so Plaintiffs will not be dismissing either of their claims, and Plaintiffs' position is that they have established Article Three standing, Defendant's position, obviously, they have not, and the parties are not in agreement on rectifying those partic- -- that particular issue outside of a motions practice.

Okay. And question to the court reporter: Are you able to hear us okay right now? Are we speaking loudly enough for you?

(Off-the-record conference to address a

Page 14

technical issue)
MR. ROSS: Defendant's next argument is a standing-related argument, and that's specifically that Plaintiffs lack standing to pursue individual or class-wide injunctive relief because they concede they -- they would not purchase the Baby Shark bath toy again in the future. They -- both Plaintiffs state in the first amended complaint that they would choose to purchase the products again in the future if, and only if, they were, quote, reformulated to be safe and avoid impalement.
Plaintiffs make this allegation in connection with the products themselves, and so they require the products and the packaging to be reformulated to be safe and avoid impalement.
And Defendant's position is that that is insufficient to establish standing to seek injunctive relief. To obtain relief, a plaintiff must allege more than past exposure to illegal conduct, and more than the fact that the challenged conduct is repeatable in the future, or if the packaging is altered or modified, they might purchase the product again in the future, that that and Defendant's position, and Defendant's belief,

Page 15

is established by case law cited in Defendant's submissions, demonstrate that Plaintiffs have not alleged sufficient facts to demonstrate an actual or imminent threat of future harm, and they therefore lack standing to pursue injunctive relief either on their own behalf or on behalf of a class of other purchasers of the Baby Shark bath toys, and the fact that they might allege that they would potentially purchase the product again if Defendant changes its labeling or business practices will -- are insufficient -- those are insufficient allegations to establish standing to seek injunctive relief because they don't establish a definitive, actual intent to purchase the product again, and therefore, Plaintiffs don't establish a likelihood of future injury that would be sufficient to demonstrate standing.
So in connection with that, Defendants would like to meet and confer here with Plaintiffs and request whether they would be willing to dismiss either or both of their individual or class-wide injunctive relief claims set forth in the first amended complaint.
MR. ABBOTT: Blake Abbott, on behalf of the plaintiffs here.

Page 16

Plaintiffs do not agree to dismiss their individual or class-based claims for injunctive relief.
And per some -- per the cases supported on -- by Plaintiffs in the brief, they believe that they have sufficiently alleged that injunctive relief would be appropriate here, both individually and on behalf of the class, in seeking to enjoin and have Defendant correct its labeling, marketing, and other aspects of this particular toy, which is part of the relief that is sought.
Plaintiffs believe that this is an appropriate remedy that would be both on behalf of themselves and on behalf of all the class members that they seek to represent.
Plaintiffs do not concede that they would not purchase the products again, but do assert that had -- or -- or should Defendant undergo the relief that Plaintiffs do seek, that they -- that they would purchase or might purchase these products again in the future, which would be appropriate both individually and of the class-wide basis, and for the other reasons set forth in our briefs, Plaintiffs do not consent to dismiss their class-wide injunctive relief.

Page 17

MR. ROSS: Thank you, Mr. Abbott.
So to complete the meet-and-confer process, it is obviously Defendant's position, given the allegations in the first amended complaint combined with the presence of the -- the recall and the refund and the allegations that we think the -- the strength of the case law that the injunctive relief claims, both individually and class-wide, should be dismissed, but we understand Plaintiffs' position that they believe that they do present viable injunctive relief claims, and obviously the parties cite the case law in support of their positions.
And it sounds like the -- the parties do not have a meeting of the minds as a part of the meet-and-confer process for the dismissal of these injunctive relief claims.
Would you agree with that, Mr. Abbott?
MR. ABBOTT: I agree.
MR. ROSS: Okay.
So the third threshold argument that Defendants raised in the motion to dismiss -- and this is for overall dismissal -- is something called prudential mootness, P-R-U-D-E-N-T-I-A-L and mootness, M-O-O-T-N-E-S-S. It's Defendant's

Page 18

position that a court cannot moot -- or cannot adjudicate moot questions. Even when there may be jurisdiction to hear a case, courts have treated situations similar to the one that's presented here as -- as moot for prudential reasons even if a court has jurisdiction under Article Three.

So even if Plaintiffs were to prevail under their Article Three standing arguments, even if the Court decides that, while the Court still has the discretion and authority in deciding a case to determine that prudential concerns may militate against the use of judicial power if the Court should treat the case as moot for prudential reasons.

And the reasons why this particular case justifies that particular application of prudential mootness is because there is an ongoing Consumer Product Safety Commission recall with the opportunity for a full refund available to all consumers who purchased the Baby Shark bath toys, the very refund that is being offered, and which is readily available for plaintiffs and other purchasers to take advantage of, is what, indeed, they would appear to be seeking by and large. And court and case law, we think, establishes that when

Page 19

you have a full offer of restitution, a full offer of refund, recall in these circumstances, that courts justifiably find that Plaintiffs' claims are -- are mooted, and that indeed would and should strip the Court of jurisdiction under the discretionary application of prudential mootness.

That's obviously increased because of the publicly available and accessible CPSC recall website and the available refund, the fact that both the recall and the refund program existed that were instituted before this lawsuit was filed, and then because once a plaintiff has a remedial promise from a coordinate branch in hand, notably the CPSC, the Court is justifiable in declining to add any sort of a promise of a judicial remedy to what's already available through a coordinated branch.

The plaintiffs in the first amended complaint, they don't make any allegations as to the sufficiency of the refund. They don't allege that they attempted to receive the refund or were denied or that the refund that's being offered is insufficient. Indeed, there are no negative statements or complaints about the recall program set forth by Plaintiffs in the first amended

Page 20

complaint.

We think, for -- for all those reasons, that the Court is justified in finding that the case is prudentially moot.

And as part -- as part of the meet-and-confer process, we would ask Plaintiffs if they would recognize that this is a proper situation where prudential mootness would be justifiably applied, and if Plaintiffs are willing to dismiss this case in lieu of pursuing their remedies through the CPSC recall process and the availability of a full refund. So as part of the meet-and-confer, we're asking if Plaintiffs are willing to dismiss the case, given the contentions that Defendants made as to the likely application of prudential mootness.

MR. ABBOTT: Thank you, Mr. Ross. Blake Abbott, on behalf of the plaintiffs.

Plaintiffs do not agree to dismiss on this ground. And the reasons that this is not prudentially moot is because the lawsuit itself seeks more than what the recall itself provides.

As alleged, Plaintiffs seek damages not only for the price of the toys themselves, but also seek other remedies, such as consequential,

Page 21

incidental, and other remedies that exist outside of what the recall itself provides.

And the case law that was cited in our opposition papers to the original motion to dismiss the amended complaint, we lay out authority applied in this jurisdiction in which the cases are not found to be prudentially moot, when exactly our position here is that the lawsuit seeks more than what the -- what the actual recall provides.

And because that is Plaintiffs' position, and because Plaintiffs seek damages in excess of what the recall provides, this case should not be prudentially mooted because of a unilateral offer of a refund of the toys but instead, should be permitted to maintain and continue in light of the damages that Plaintiffs now seek.

In summary, Plaintiffs do not disagree -- or, sorry, scratch that -- Plaintiffs do not consent to dismiss the case based upon prudential mootness and will oppose Defendant's position.

MR. ROSS: Thank you, Mr. Abbott. So it sounds like certainly it is clear of the party's position, the Defendants take the position

that the application of prudential mootness is warranted both by the allegations in the complaint, the existence of the public CPSC recall website and the availability of the full refund, and certainly the strength of the authorities that the Defendant cited in its briefing papers.

We understand Plaintiffs' position is that they believe their authorities are also persuasive and they take the position that application of prudential mootness is not appropriate here and that the parties do not agree that Plaintiffs should dismiss their claims.

Defendant's position is they should, obviously, and the Court should apply prudential mootness. And Plaintiffs' position is that they should not dismiss the case.

And based on that, it sounds like we're going to move on to the next issue. And we'll continue to brief that in the forthcoming motion practice.

We then move on to what we consider to be more the 12(b)(6) grounds for the motion to dismiss.

The first argument that Defendants raised in the motion to dismiss -- and this, of



course, is if the Court does not dismiss the first amended complaint on grounds that Plaintiffs lack standing or the case should be dismissed for prudential mootness grounds -- the Court could obtain other reasons to dismiss certain causes of action under Rule 12(b)(6).

The first cause of action Defendants addressed is unjust enrichment. Defendants take the position that California does not recognize unjust enrichment as a valid, independent cause of action. Rather, Defendant's position is that the case law on this particular issue refers to unjust enrichment as a theory upon which other causes of action can be brought. But the law is clear that a Plaintiff cannot be afforded a remedy on an unjust enrichment claim because it is not an independent cause of action in and of itself. I think that's clear in the case law that's cited.

And the plaintiffs were also unable to amend their first amended complaint in an attempt at an unjust enrichment claim through deviating that claim to a claim for quasi contract, and as such, the claim should be dismissed without leave to amend.

Not to -- hold on just a second. I



thought someone was knocking at the door.

(After a recess, proceedings were continued as follows:)

MR. ROSS: Going back on the record, we just had a brief delay. We went off the record for a minute. The court reporter who was supposed to arrive in person at 8:00 a.m. just arrived, because of the cell phone issues and the -- the traffic issues. We're, obviously, as we know, conducting this remotely through the court reporter, but again, counsel is here in person.

So we can go back on the record. We were in the midst of discussing Defendant's position as to unjust enrichment and Defendant's position that unjust enrichment is not a properly applied cause of action here because it's not a recognized cause of action.

And the -- this case isn't appropriate for a quasi contractual application either. And obviously, given the position that the existence of a -- of a recall and a full refund, that negates any possibility that Zuru is retaining any sort of an unjust enrichment and therefore, the premise of an unjust enrichment cause of action, which presupposes the retention of a benefit by one party



by making it inequitable for that benefit to be retained without payment of a reasonable value does not exist here because of the existence of the -- the recall and the refund.

So for those reasons, it's Defendant's position that Plaintiffs should dismiss their unjust enrichment cause of action, and in this part of the meet-and-confer process, we would request that Plaintiffs do so.

MR. ABBOTT: In response to Defendant's position, Plaintiffs do not agree to dismiss their claim for unjust enrichment, the reasons being that we believe that the unjust enrichment claim is properly pled and -- and can be enforced by the Court, and there is California law that supports that.

And additionally, Plaintiffs allege that they have alleged all the necessary requirements to bring a viable unjust enrichment claim. That's been supported by -- that's been also supported by California state law.

And then additionally, should the Court determine that this is something that is proper under quasi contract, in the alternative, I believe that that would be -- that would be something that

the plaintiffs would be able to maintain and properly allege against the defendant here. Understanding Defendant's position as to whether or not unjust enrichment is something that's properly brought in light of the recall at issue, Plaintiffs maintain that that is a question of fact.

As to whether or not there are any funds that are being unjustly withheld, but nonetheless, at the pleading stage, Plaintiffs have plausibly alleged that there is unjust -- there is unjust withholdings on behalf of the defendant, and because they are causally pled, should be maintained here.

In summary, Plaintiffs do not agree to dismiss their unjust enrichment claims.

MR. ROSS: Thank you, Mr. Abbott.

Understanding the parties are unable to come to a meeting of the minds, Defendant certainly maintains that the weight of the case law that Defendant cited shows that it's not an available standalone remedy and there are appropriate grounds for quasi contract. Understanding that Plaintiffs are not amenable to dismissing these claims, this is not the -- a cause of action that will be remedied in the meet-and-confer process and will be



the subject of the future motion practice.

The next is going to be whether the tort claims, specifically the strict liability causes of action, the negligence causes of action, and the fraudulent concealment cause of action, whether those particular causes of action, these tort claims, are barred by the economic loss doctrine, which is recognized in California under the defendant's position under the economic loss doctrine, Plaintiff may recover in tort only when the plaintiff can allege personal injury or damage to other property, that is, property other than the product itself.

Here, the position is that Plaintiffs were only able to and have only asserted a harm to the product itself, specifically the Baby Shark bath toy product. They have not and cannot assert that they have experienced any personal harm as a result of the allegedly defective product or that the product itself, the bath toys, caused any harm to any other property.

The only allegations in the first amended complaint are that the product itself is, quote-unquote, defective, and the only damages that Plaintiffs seek to recover are those monetary



damages for the cost of the product itself.

It's Defendant's position that this is a classic and textbook example of where the economic loss doctrine applies and would bar Plaintiffs' opportunity to recovery for their tort causes of action.

And this is not a situation where an exception to the economic loss doctrine could apply, such as any sort of an allegation that Defendant concealed any sort of a defect. This is not a situation where there's any allegations in the first amended complaint that Defendant actively concealed any of the defect or the potential harm. Out of 7.5 million products that are recalled, Defendant only had notice of about 12 injuries. There is not an exception that's available under the allegations in the first amended complaint that could circumvent or escape application of the economic loss doctrine.

There are no allegations to show that Defendant actively or affirmatively concealed any defect or intentionally and affirmatively acted in a sort of fraudulent manner that would allow Plaintiffs to recover for -- you know, for these tort claims, where the only harm was to the actual



product itself under the circumstances presented here.

As to the allegations in the first amended complaint and the existence of the recall and the refund, it is Defendant's position that these tort claims, specifically the strict liability causes of action, the negligence causes of action, fraudulent concealment cause of action, are deficient under the economic loss doctrine. And as part of the meet-and-confer process, Defendant will request that Plaintiffs agree to dismiss their strict liability, negligence, and fraudulent concealment causes of action from the complaint.

MR. ABBOTT: In response to Defendant's position as it relates to Plaintiffs' tort claims, Plaintiffs do not agree to dismiss the tort-based claims. Understanding and appreciating Defendant's position that California recognizes the economic loss doctrine, there are exceptions to the economic loss rules, which Plaintiffs contend that they have satisfied here in this case based upon their allegations.

Plaintiffs have adequately pled that there was an additional responsibility that was --

Page 30

that was in the hands of Defendant Zuru, and that such a relationship existed prior to even the purchase of the Baby Shark toys themselves, which would fall under an exception for the economic loss doctrine.

And additionally, other -- other exceptions to the economic loss doctrine exist when there are allegations that there has been tortious involvement or deceit or intentional breaching of a contract.

As alleged -- and I think that this is something that is an appropriate fact question. As alleged, Plaintiffs maintain that they have adequately alleged the intent required here, they've adequately alleged elements of their -- of their claims, the tort claims, that Plaintiffs in good faith believe fall outside of the economic loss doctrine, that there was -- that there was intent on behalf of Defendant, given its knowledge of the dangers that the products posed or potentially posed to consumers.

And Plaintiffs maintain that they have adequately met the elements required to assert those allegations. Understanding Defendant's position in summary, Plaintiffs do not agree to

Page 31

dismiss their tort-based claims in light of the economic loss doctrine.

MR. ROSS: Thank you, Mr. Abbott.

So it is the understanding of Defendant that Plaintiffs' position is that they do indeed plead sufficiently to avoid the economic loss doctrine. Defendant maintains that there is not a situation here of an independent tort or independent tort damages, there is no basis to preclude application of the economic loss rule to all of Plaintiffs' tort causes of action and therefore, that the strict liability, negligence, and fraudulent concealment causes of action should all be dismissed as barred by the economic loss rule, and there's no exception that could be applied here.

Understanding Plaintiffs do not agree with that position and they do not agree to dismiss their claims on that basis, the parties will not resolve this through the meet-and-confer process and will submit this issue to further briefing with the Court.

The final area raised by Defendants in their motion to dismiss the first amended complaint is Defendant's position that Plaintiffs' fraudulent

Page 32

concealment cause of action in the first amended complaint does not -- is not viable.

Plaintiffs, in their first amended complaint, failed to state this claim with the particularity that's required under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs additionally failed to make any factual allegations that either Plaintiff actually read any allegedly fraudulent statements. And finally, neither Plaintiff actually alleges any factual allegations, any affirmative actions taken by Defendant to hide or conceal any fraud Rule 9(b) in sum requires that fraud claims be stated with specificity, in particular, the -- the who, what, when, where, and how of the claim, and that the time, place, and specific content of any false representation and the identities of the parties have to be stated to any sort of a misrepresentation claim.

It is Defendant's position that the allegations in the first amended complaint are far too nonspecific and generic to satisfy the requirements of Rule 9(b) with its particularity. There are no specific fraudulent statements that are cited, and there is nothing in the complaint that would allow a determination of where any sort

Page 33

of fraudulent or untoward statement was actually made.

And in addition, Plaintiffs don't allege they actually ever saw or read any allegedly fraudulent statement. And there are no allegations that any active concealment was undertaken by Defendant, any active actions by Defendant were undertaken to try to permit or conceal any issue with the product itself. And the mere nondisclosure of any potential issue does not constitute an act of concealment to bring a viable fraudulent concealment claim against Defendant.

So it is Defendant's position that under the circumstances presented in the complaint, that the fraudulent concealment cause of action should be dismissed by Plaintiffs, and as part of the meet-and-confer process, Defendant requests that Plaintiffs agree to dismiss this cause of action.

MR. ABBOTT: Thank you, Mr. Ross.

In response to Defendant's position as to the dismissal of the fraudulent concealment claim brought by the plaintiffs, Plaintiffs will not agree to dismiss anything that they have adequately pled with particularity the elements

required to bring such an action.

Plaintiffs maintain that in their complaint, they have properly identified and satisfied the requirements by identifying the who, what, when, where, and how, and with particularity.

There are also allegations contained within the complaint that Plaintiffs -- (inaudible)

(Court Reporter clarification)

(The Court Reporter read back the previous question up to the inaudible portion.)

MR. ABBOTT: There are also allegations in the complaint that -- I'm sorry.

Court Reporter, can you tell me whether I had addressed the who, what, when, where, and how?

COURT REPORTER: Yes. I'll go back a little further.

Plaintiffs maintain that in their complaint, they have properly identified and satisfied the requirements by identifying the who, what, when, where, and how, and with particularity. There are also allegations contained within the complaint that Plaintiffs -- and then that's where it dropped out.

MR. ABBOTT: That Plaintiffs had



satisfied any requisite pleading requirement as it relates to failure to disclose and plausibly allege activity on behalf of Defendants as to intent to conceal or otherwise keep information that would be pertinent from the purchaser of the products, including Plaintiffs.

On the face of the complaint, Plaintiffs maintain that they have -- they have satisfied the pleading requirements to bring such a claim and, understanding Defendant's position, respectfully disagree and do not consent to dismiss their fraudulent -- their fraudulent concealment claim.

MR. ROSS: Thank you, Mr. Abbott.

It is Defendant's continued position that the plaintiffs do not bring a viable fraudulent concealment cause of action. Plaintiffs don't contest or mention in their first amended complaint any allegations that they read, saw, or heard any misleading statement, and they don't allege any affirmative actions taken by Defendant to hide or cover up any fraud.

So under those circumstances, Defendant takes the position that fraudulent concealment is not a properly brought cause of action.



Understanding Plaintiffs' position as they do in fact bring a viable claim, this is not a cause of action that will be resolved through the meet-and-confer process and that the parties will need to brief this particular issue before the Court.

Mr. Abbott, are you aware of any issues that Defendants raised or that otherwise you're aware of in connection with the motion to dismiss that we did not already address as part of the meet-and-confer process?

MR. ABBOTT: No.

MR. ROSS: Okay.

Do you agree, Mr. Abbott, that we have met and conferred in good faith and covered the issues addressed in the motion to dismiss?

MR. ABBOTT: Yes. And I appreciate your time in coming and discussing this with me in good faith as well.

MR. ROSS: Yes. And I appreciate, as you mentioned earlier, that we began discussing this at 7:50 a.m., before the court reporter was able to join remotely because of some issues outside of the control of counsel here in person at the table.



We have one more motion to discuss, and that will be a motion to strike class allegations that Defendant filed.

That motion, as a threshold matter, it's Defendant's position that the motion was properly brought, that it's timely under Rule 23(c), which states that a motion to strike is not prohibited, and that indeed under Rule 23(c) of the Federal Rules of Civil Procedure, a class certification determination can be made at an early practicable time.

There are case law -- case law exists, certainly, that a motion seeking determinative (inaudible) of class certification can be brought by any party, can be -- and can be brought as soon as a party believes that the determination can be properly made, and that indeed, case law does demonstrate that motions to strike class allegations are in certain circumstances appropriate and indeed are granted by courts.

There is no, per se, rule that the only way for a Defendant to bring a class certification issue before a court is to await Plaintiffs' filing of a motion to certify class, and that Zuru has utilized a proper vehicle to bring the

classification issues before the Court at this juncture through the motion to strike, and that any -- any rationale that such a determination should await discovery in the form of briefing of a motion to certify class would not be presented here because of the unique circumstances presented through the allegations set forth in the first amended complaint and the existence of the CPSC recall and refund, and that discovery does not have to occur in order for the class certification determination to be made by the Court through a motion to strike class allegations.

We under- -- Defendant understands that that is not the usual state of affairs, where courts grant motions to strike class allegations at the outset. But again, there are certain unique circumstances, such as those presented here, where the discovery does not change the parameters that make it appropriate to bring this matter before the Court now, and discovery would not change that aspect.

Indeed, district courts have broad discretion to control the class certification process and whether or not class discovery would be permitted, and that of course lies within the sound



discretion of the Court.

So just as a threshold matter, it is Defendant's position that a motion to strike class allegations is properly brought at this early stage of the proceeding, and the Court can properly address a class certification through the motion to strike vehicle at the outset of this case.

If Plaintiffs want to respond to that particular aspect. If not, I can go into our first argument.

MR. ABBOTT: Thanks. I'm happy to respond. Blake Abbott, on behalf of the plaintiffs.

Plaintiffs do recognize that there is authority out there in which such a motion is appropriately brought. But given the circumstances of this case, we believe, and do not agree with Defendant, that discovery would assist in the issue of class certification. And at this point in time in this particular case, Defendant's motion is indeed premature, because class certification is not impossible, and the question should be visited at a later stage at class certification.

(Court Reporter clarification)

MR. ROSS: Thank you, Mr. Abbott.



The first argument that Defendants -- Defendant raised in the motion to strike class allegations is that Plaintiffs' allegations under Rule 23(b)(1) or (b)(2) under the Federal Rules of Civil Procedure are not properly brought here. They fail because it's clear from the allegations set forth in the first amended complaint that Plaintiffs primarily request monetary relief and injunctive relief as merely incidental, and certainly case law cited by Defendant establishes that threshold, that under the circumstances with such a complaint, that Rule 23(b)(1) and (b)(2) are not proper vehicles through which class certification is appropriately brought. That is, indeed, should -- class certification should be brought under those circumstances under Rule 23(b)(3).

From the allegations in the first amended complaint, the -- which Defendants cited, Plaintiffs expressly asked for, repeatedly, monetary damages, in particular the amount of moneys paid for the Baby Shark bath toy product, along with monetary punitive damages, consequential damages, and indeed, the only incidental relief they seek is injunctive. That is -- that is



incidental in the context of monetary relief, which is clearly the primary relief that's being sought in these circumstances. This is not a fact that would change with discovery.

Certainly, the -- it is clear from the allegations in the first amended complaint that this request is front and center, one for money, and that the instances in which (b)(1) or (b)(2) cases are certified where you properly seek injunctive relief, we have a limited fund type of a case, that those are presented here under the allegations, there are no allegations to support that, and that indeed this is a case of money damages, and that under those circumstances, the Court should appropriately strike any allegations seeking relief under Rule 23(b)(1) and Rule 23(b)(2), and in connection with this meet-and-confer process, Defendants would ask if Plaintiffs would be willing to amend their complaint to remove any request to seek class certification under Rule 23(b)(1) and Rule 23(b)(2).

MR. ABBOTT: Thank you for that, Mr. Ross.

In response to the -- to Defendant's

Page 42

position as it relates to this -- this particular issue, Plaintiffs respectfully disagree that their request for injunctive relief is merely incidental. While recognizing that yes, of course Plaintiffs do seek monetary damages as it relates to this particular case, we still believe that class certification under (b)(1) and (b)(2) would still be appropriate in this particular case, and nonetheless, have still nonetheless maintained that such a question is better preserved to be answered down the road at a class certification stage. But understanding Defendant's position, Plaintiffs do not agree to remove these allegations at this time.

MR. ROSS: Okay. Thank you, Mr. Abbott.

It is Defendant's position that any allegations to try to seek relief -- class certification under Rule 23(b)(1) or (b)(2) are -- are conclusory, are insufficient, and the crux of the first amended complaint is clear that money damages are the primary relief that's sought and injunctive relief is merely incidental, that indeed those particular requests should be properly stricken.

We understand Plaintiffs' position that

Page 43

they are properly brought and as part of a meet-and-confer process, Plaintiffs will not agree to remove those claims, and so therefore, the particular issue will be subject to future motion practice before the Court and not resolved as part of the meet-and-confer process.

Another argument that Defendant raises is -- just a second here -- this may have already been touched on, that otherwise certification under Rule 23(b)(1) is not available because Plaintiffs simply parrot the specific language from the rules, and under Rule 23(b)(1), this isn't a unique circumstance where the Court needs to treat all members of the class alike, but the more appropriate circumstances are when, yeah, something like a utility acting towards customers or a government imposing a tax, or you have an issue like a water owner and rights against downriver owners, they don't have any requisite factual allegations to support bringing such a request for classification under Rule 23(b)(1).

And of course the other aspect of 23(b)(1), that's Rule 23(b)(1)(a), and 23(b)(1)(b) -- is about the multiplicity of lawsuits would create a risk or inconsistent

Page 44

rulings and adjudications that might be dispositive of the interest of similarly situated purchasers, and this is considered to be a limited fund exception, and that is not at issue here because there are no allegations in the first amended complaint that Zuru would not be capable of satisfying individual claims for statutory or monetary damages. And obviously this is not a case -- a limited fund case. There are no allegations to support it, that Defendant would not have individual resources.

And in addition, putative class members here have an individual remedy that's available to them, namely, they could pursue relief on their own, and as such, Rule 23(b)(1)(b) is not available. So for those additional reasons, Rule 23(b)(1) is not an appropriate vehicle through which Plaintiffs seek classification.

And as part of the meet-and-confer process, Defendant requests that Plaintiffs agree to remove their request for classification under Rule 23(b)(1).

MR. ABBOTT: Thank you, Mr. Ross.

I believe this was actually touched on a little bit earlier, but I appreciate the further

Page 45

in-depth -- in-depth explanation of as to why Defendant believes that they should be removed. So thank you for that.

For reasons stated previously, and then also to respond to some of your newer points, Plaintiffs do not agree to remove these allegations. They believe that under these circumstances, a Rule 23(b)(1) class would be appropriate. And nonetheless, such a question is properly suited for a time later in litigation at the class certification stage.

With that being said, Plaintiffs do not agree to remove their 23(b)(1) allegations. But thank you, Mr. Ross.

MR. ROSS: Thank you, Mr. Abbott.

So with that understanding, that Plaintiffs disagree that the application of Rule 23(b)(1) as a potential means for class certification is properly situated here in this case, Defendant maintains its position that this particular form of class certification relief is not properly sought under those circumstances and the allegations set forth in the first amended complaint, with the understanding that Plaintiff disagrees, and as such that particular request for

class certification will not be removed from the complaint, and therefore will not be resolved in the meet-and-confer process and will be resolved through future motion practice in front of the Court as contemplated in the Court's order.

The final areas under the motion to strike class allegations is Defendant's arguments that certification of a nationwide class under Rule 23(b)(3) of the Federal Rules of Civil Procedure would be improper, given the variation in state laws that are applicable to Plaintiffs' claims and the lack of predominance under the circumstances that are applicable here to the named plaintiffs and to each putative class member, and that a nationwide class action would not be a superior means of adjudication in this case.

Rule 23(b)(3), it allows class certification where questions of law or fact common to the members of a class predominate over any questions affecting individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Here, it is clear from the allegations in the first amended complaint that Plaintiffs



submit that any questions of law or fact do not predominate over the individual laws and facts impacting individual members, which preclude a finding of predominance, which is necessary to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

Plaintiffs here seek a nationwide class to be certified, stating in the first amended complaint that the Baby Shark bath toy was shipped, distributed, and sold across the entire United States. Necessarily, with a nationwide class, both with -- particularly with the good in question being sold to individuals in all 50 states, and where Plaintiffs have implicated claims of unjust enrichment, implied warranty, express warranty, fraudulent concealments, strict liability and negligence, these claims differ materially both in terms of the way they are interpreted and the way they're applied and the way they are set forth. These claims differ across the 50 states and they have different elements and they have different defenses.

As such, these particular issues will preclude predominance of questions of law or fact, and this determination can be made even now just



based on the threshold allegations in the first amended complaint.

In addition, the complaint will require individual examination of each named plaintiff and each putative class member's receipt, review, and interpretation of Zuru's representations, what each individual relied on in their purchase and their use of the Baby Shark bath toy product, and the recall and refund particulars for the individual, such as, did the individual access the CPSC recall website, did the individual seek to obtain a refund, did the individual obtain a refund, and what exactly was the individuals' experience with the specific Baby Shark bath toy at issue.

So each one of those will require an individualized assessment, which will preclude predominance and also will be indicative that a certified class is not a superior means of adjudication for this particular matter.

So under the circumstances presented by the allegations in the first amended complaint, particularly the variety of laws here across all 50 states and the individualized assessments necessary, it's Defendant's position that a class certification under Rule 23(b)(3) is not proper



here and properly presented now, at this juncture of the case, and that as part of the meet-and-confer process, Defendant requests that Plaintiffs agree to remove their request for class certification under Rule 23(b)(3) as to both Plaintiffs.

MR. ABBOTT: Thank you.

In response, Plaintiffs do not agree to remove their claims for certification under Rule 23(b), and -- and in support of that, Plaintiffs state that this is certainly something that is better suited and premature -- this is better suited for class certification. It's premature based upon this stage in litigation. We believe that further factual development will assist in the Court determining whether or not common issues predominate or not, and maintain that variations across multiple states are not an absolute bar to Plaintiffs' ability to represent individuals from other states as well.

As to superiority, again, this is something that Plaintiffs maintain is something that is better suited for class certification. And in support of such, Plaintiffs state that they disagree that such an analysis as to whether or not

a member of the class is entitled to relief does not include, as Defendant maintains, particularized and individualized discovery as to each individual's own viewing of particular statements made by Zuru, their reliance, their use of the toy, et cetera, and nonetheless, something that would be more appropriate at the class certification stage and not at the pleading stage.

Because of those reasons, understanding Defendant's positions, Plaintiff -- Plaintiffs do not agree to remove the Rule 12(b)(3) allegations to certify a nationwide class.

MR. ROSS: Thank you, Mr. Abbott.

So it is Defendant's understanding that Plaintiffs intend to pursue their Rule 23(b)(3) claims. Defendant maintains that it is proper for the Court to now assess whether Rule 23(b)(3) is properly asserted, and then under the circumstances of the first amended complaint, the allegations set forth therein and the lack thereof and the implication of nationwide laws from across the 50 states and their varying application, interpretation involved, and of course the individualized assessments that are inherently necessary based on the complaint itself and the



application of the publicly available recall and website and refund -- recall inside a refund -- that this is not a situation where the Court needs to wait on a motion for class certification and discovery to make this determination.

Understanding Plaintiffs' position, this is not something that will be resolved on a meet-and-confer process and will have to be subject to a motions practice to be presented to the Court.

That concludes the arguments, the issues raised by Defendant.

And the motion to strike, Mr. Abbott, are you aware of any issues raised in the motion to strike class allegation that we have not already discussed?

MR. ABBOTT: No, I am not.

MR. ROSS: And are -- and do you agree, Mr. Abbott, that we have met and conferred in good faith and covered the issues addressed in the motion to strike class allegations?

MR. ABBOTT: Yes, I do, and I appreciate your time.

MR. ROSS: And again, thank you again for hosting.

Court Reporter, I think this will be



the conclusion of the meet-and-confer process. I thank Plaintiff for hosting this meeting in person.

(Off-the-record conference)

COURT REPORTER: Mr. Ross, would you like me to go ahead and produce this transcript?

MR. ROSS: Yes, please.

(The deposition was concluded at 10:13 a.m.)



CERTIFICATE OF REPORTER

I, Eric S. Glazier, Court Reporter and Notary Public for the State of South Carolina at Large, do hereby certify that the foregoing transcript is a true, accurate, and complete record.

I further certify that I am neither related to nor counsel for any party to the cause pending or interested in the events thereof.

Witness my hand, I have hereunto affixed my official seal this 29th day of February, 2024, at Easley, Pickens County, South Carolina.

Eric S. Glazier,
Court Reporter
My Commission expires
April 11, 2026

**&**

**&** 2:9

**0**

**016125** 3:12

**1**

**1** 40:4,12 41:8 41:16,21 42:7 42:18 43:10,12 43:21,23,23,24 44:15,17,22 45:8,13,18
**10:00** 3:23
**10th** 6:3,6
**11** 53:25
**12** 22:22 23:6 28:15 50:11
**14th** 3:10
**1500** 2:11
**15th** 6:14

**2**

**2** 40:4,12 41:8 41:17,22 42:7 42:18
**20005** 2:12
**201** 7:16
**2023** 6:3,4,9,12 8:6
**2024** 1:11 3:5 3:10,17,23 6:14 53:12
**2026** 53:25
**21870** 53:23
**22** 1:11
**22nd** 3:5,23
**23** 37:7,8 40:4 40:12,17 41:16 41:17,21,22 42:18 43:10,12 43:21,23,23,24 44:15,17,22 45:8,13,18 46:9,17 47:5 48:25 49:5,10 50:15,17
**23-6125** 1:5
**24th** 6:9
**29403** 2:6
**29th** 53:12
**2:23** 3:12

**3**

**3** 40:17 46:9,17 47:5 48:25 49:5 50:11,15 50:17
**30th** 6:12
**32** 1:14 2:5 4:25
**330** 2:11
**3rd** 6:4,7 8:6

**4**

**46** 3:10

**5**

**50** 47:13,20 48:22 50:21

**6**

**6** 22:22 23:6

**7**

**7** 3:16
**7.5** 28:14
**777-7777** 2:6
**7:50** 5:3,21 36:22

**8**

**800** 2:6
**8:00** 5:6 24:7

**9**

**9** 32:5,12,22
**9:01** 1:12 3:6 5:9,20

**a**

**a.m.** 1:12 3:6 3:23 5:3,6,20 5:21 24:7 36:22 52:8
**abbott** 2:5 4:18 4:19,20 5:17 5:18,20 6:16 7:24 8:3 11:10 11:12 15:24,24 17:1,18,19 20:17,18 21:23 25:10 26:16 29:15 31:3 33:20 34:11,25 35:14 36:7,12 36:14,17 39:11 39:12,25 41:23 42:15 44:23 45:15 49:7 50:13 51:12,16 51:18,21
**ability** 49:19
**able** 5:10 8:18 13:23 26:1 27:15 36:23
**absolute** 49:18
**access** 48:10
**accessible** 19:8
**accompanied** 6:24 7:23
**accurate** 53:6
**act** 33:11
**acted** 28:22
**acting** 43:16
**action** 6:1 8:16 8:21 10:5 23:6 23:7,11,14,17 24:16,17,24 25:7 26:24 27:4,4,5,6 28:6 29:7,8,8,13 31:11,13 32:1 33:15,19 34:1 35:17,25 36:3 46:15,21
**actions** 32:11 33:7 35:21
**active** 33:6,7
**actively** 28:12 28:21
**activity** 35:3

**actual** 8:20 15:3,14 21:9 28:25
**actually** 9:2 32:8,10 33:1,4 44:24
**add** 19:15
**addition** 33:3 44:12 48:3
**additional** 29:25 44:16
**additionally** 25:17,22 30:6 32:7
**address** 13:25 36:10 39:6
**addressed** 23:8 34:14 36:16 51:19
**addressing** 6:19
**adequately** 29:24 30:14,15 30:23 33:25
**adjudicate** 18:2
**adjudication** 46:16,22 48:19
**adjudications** 44:1
**advantage** 18:23
**affairs** 38:14
**affecting** 46:20
**affirmative** 32:11 35:21
**affirmatively** 28:21,22
**affixed** 53:11
**afforded** 23:15
**agree** 11:17 16:1 17:18,19 20:19 22:11 25:11 26:14 29:11,17 30:25 31:17,18 33:18 33:24 36:14 39:17 42:13 43:2 44:20 45:6,13 49:4,8 50:11 51:17
**agreement** 13:19
**ahead** 5:22 52:5
**akimlawfirm....** 2:7
**al** 1:3 2:3 3:11
**alike** 43:14
**allegation** 14:13 28:9 51:14
**allegations** 6:12 9:25 13:8 15:12 17:4,6 19:19 22:2 27:22 28:11,17 28:20 29:3,23 30:8,24 32:7 32:10,20 33:5 34:6,11,22 35:19 37:2,19 38:7,12,15 39:4 40:3,3,6 40:18 41:6,12 41:12,15 42:13 42:17 43:20 44:5,10 45:7 45:13,23 46:7 46:24 48:1,21 50:11,19 51:20
**allege** 9:6,6,18 9:19 12:3,8,13 12:23 14:20 15:8 19:20 25:17 26:2 27:11 33:4 35:2,21
**alleged** 9:2 15:3 16:6 20:23 25:18 26:10 30:11,13,14,15
**allegedly** 27:19 32:8 33:4
**alleges** 9:10 32:10
**alleging** 12:24
**allow** 28:23 32:25
**allows** 46:17
**altered** 14:23
**alternative** 25:24
**amenable** 26:23
**amend** 23:20 23:24 41:19
**amended** 5:25 8:24 10:13,18 14:9 15:23 17:4 19:18,25 21:5 23:2,20 27:23 28:12,17 29:4 31:24 32:1,3,20 35:18 38:8 40:7,19 41:6 42:20 44:5 45:23 46:25 47:8 48:2,21 50:19
**amount** 40:21
**analysis** 49:25
**anastopoulo** 1:13 2:4 4:23
**ann** 1:14 2:5 4:25
**answer** 3:15 13:2
**answered** 42:10
**appear** 18:24
**appearances** 2:1
**appearing** 3:8
**applicable** 46:11,13
**application** 18:16 19:6 20:15 22:1,10

24:19 28:18 31:10 45:17 50:22 51:1
**applied** 20:9 21:5 24:16 31:16 47:19
**applies** 28:4
**apply** 22:14 28:9
**appreciate** 36:17,20 44:25 51:22
**appreciating** 29:18
**approach** 8:6
**appropriate** 16:7,13,22 22:11 24:18 26:21 30:12 37:20 38:19 42:8 43:15 44:17 45:9 50:7
**appropriately** 39:16 40:14 41:15
**approval** 3:25
**april** 53:25
**area** 8:9 31:23
**areas** 46:6
**argument** 8:11 14:2,3 17:21 22:24 39:10 40:1 43:7
**arguments** 18:8 46:7 51:10
**arrive** 24:7
**arrived** 24:7
**article** 8:15 9:17 11:15,20 11:24 12:19,25 13:5,8,17 18:6 18:8
**asked** 40:20
**asking** 20:13
**aspect** 38:21 39:9 43:22
**aspects** 16:10
**assert** 8:18 10:1 16:18 27:17 30:23
**asserted** 27:15 50:18
**assess** 50:17
**assessment** 48:16
**assessments** 48:23 50:24
**assist** 39:18 49:15
**assistance** 5:14
**associated** 7:13
**at&t** 5:7
**attach** 4:13
**attempt** 12:20 23:20
**attempted** 19:21
**attend** 5:14
**attorney** 3:4
**attorneys** 2:3,8
**authorities** 22:5,8
**authority** 18:10 21:5 39:15
**avail** 10:23
**availability** 20:12 22:4
**available** 10:9 10:10,13,16,19 10:22 18:19,22 19:8,9,16 26:20 28:16 43:10 44:13,16 46:21 51:1
**avoid** 14:12,16 31:6
**await** 37:23 38:4
**aware** 36:7,9 51:13

**b**

**b** 3:11 7:4 9:1 11:7 22:22 23:6 32:5,12 32:22 40:4,4 40:12,12,17 41:8,8,16,17,21 41:22 42:7,7 42:18,18 43:10 43:12,21,23,23 43:24,24 44:15 44:15,17,22
45:8,13,18 46:9,17 47:5 48:25 49:5,10 50:11,15,17
**baby** 7:3 9:3,8 11:23 14:7 15:7 18:20 27:16 30:3 40:22 47:9 48:8,14
**back** 24:4,12 34:9,16
**background** 5:24
**bar** 28:4 49:18
**barred** 27:7 31:14
**based** 11:3 16:2 21:20 22:17 29:17,22 31:1 48:1 49:14 50:25
**basis** 16:23 31:9,19
**bath** 7:4 9:3,8 14:7 15:7 18:20 27:17,20 40:22 47:9 48:8,14
**bearing** 3:10
**began** 5:2 36:21
**behalf** 4:20,21 5:25 12:21 15:6,6,24 16:8

16:13,14 20:18 26:11 30:19 35:3 39:12
**belief** 14:25
**believe** 16:5,12 17:10 22:8 25:13,24 30:17 39:17 42:6 44:24 45:7 49:14
**believes** 37:16 45:2
**benefit** 24:25 25:1
**better** 42:10 49:12,12,23
**bit** 44:25
**blake** 2:5,7 4:20 15:24 20:18 39:12
**branch** 19:13 19:17
**breaching** 30:9
**brief** 16:5 22:19 24:5 36:5
**briefing** 22:6 31:21 38:4
**briefs** 16:24
**bring** 8:16 10:8 10:17 25:19 33:11 34:1 35:9,16 36:2 37:22,25 38:19
**bringing** 43:20
**broad** 38:22
**brought** 23:14 26:5 33:23 35:25 37:6,14 37:15 39:4,16 40:5,14,16 43:1
**bui** 1:3 2:3 3:11 4:21 9:1
**business** 15:10

**c**

**c** 3:1 37:7,8
**california** 1:1 23:9 25:15,21 27:8 29:19
**called** 17:24
**calls** 12:6
**capable** 44:6
**capital** 7:4,4
**carolina** 3:7 5:1 6:18 53:4,13
**case** 1:5 3:10 3:12 11:4,16 12:25 15:1 17:7,12 18:3 18:10,13,16,25 20:4,10,14 21:3,12,20 22:16 23:3,12 23:18 24:18 26:19 29:22 37:12,12,17 39:7,17,20 40:10 41:11,13 42:6,8 44:9,9 45:20 46:16 49:2
**cases** 11:25 16:4 21:6 41:9
**causally** 26:12
**cause** 9:7,9 23:7,10,17 24:16,17,24 25:7 26:24 27:5 29:8 32:1 33:15,18 35:17 35:25 36:3 53:9
**caused** 27:20
**causes** 23:5,13 27:4,4,6 28:6 29:7,7,13 31:11,13
**cell** 5:7 24:8
**center** 41:7
**central** 1:1
**certain** 23:5 37:19 38:16
**certainly** 21:24 22:4 26:18 37:13 40:10 41:5 49:11
**certificate** 53:1
**certification** 37:10,14,22 38:10,23 39:6 39:19,21,23 40:14,15 41:21 42:7,11,18 43:10 45:11,19 45:21 46:1,8 46:18 48:25 49:5,9,13,23 50:7 51:4
**certified** 41:9 47:8 48:18
**certify** 37:24 38:5 47:5 50:12 53:5,8
**cetera** 50:6
**challenged** 8:21 14:21
**change** 38:18 38:20 41:4
**changes** 15:10
**charleston** 1:14 2:6 3:7 4:25 6:17
**choose** 10:19 14:9
**chose** 10:18
**circumstance** 43:13
**circumstances** 8:22,25 13:10 19:2 29:1 33:14 35:23 37:19 38:6,17 39:16 40:11,16 41:3,14 43:15 45:8,22 46:13 48:20 50:18
**circumvent** 28:18

**cite** 17:12
**cited** 11:4,25 15:1 21:3 22:6 23:18 26:20 32:24 40:10,19
**civil** 32:6 37:9 40:5 46:9 47:6
**claim** 23:16,21 23:22,22,23 25:12,13,20 32:4,15,18 33:12,23 35:10 35:13 36:2
**claims** 11:9 13:16 15:22 16:2 17:8,11 17:17 19:3 22:12 26:15,23 27:3,7 28:25 29:6,16,18 30:16,16 31:1 31:19 32:13 43:3 44:7 46:12 47:14,17 47:20 49:9 50:16
**clarification** 34:8 39:24
**class** 4:22 5:25 6:11 14:5 15:6 15:22 16:2,8 16:14,22,25 17:9 37:2,9,14 37:18,22,24 38:5,10,12,15 38:23,24 39:3 39:6,19,21,23 40:2,13,15 41:20 42:6,11 42:17 43:14 44:12 45:8,11 45:18,21 46:1 46:7,8,14,15,17 46:19,21 47:5 47:7,11 48:5 48:18,24 49:4 49:13,23 50:1 50:7,12 51:4 51:14,20
**classic** 28:3
**classification** 38:1 43:21 44:18,21
**clear** 21:24 23:14,18 40:6 41:5 42:20 46:24
**clearly** 41:2
**combined** 17:5
**come** 26:18
**coming** 36:18
**commence** 5:22
**commission** 7:2 7:11 18:18 53:24
**common** 46:18 49:16
**communicati...** 4:14
**complaint** 6:1 8:23,23,24 9:11 10:13,18 12:23 13:8 14:9 15:23 17:5 19:19 20:1 21:5 22:2 23:2,20 27:23 28:12,17 29:4 29:14 31:24 32:2,4,20,24 33:14 34:3,7 34:12,19,23 35:7,19 38:8 40:7,12,19 41:6,20 42:20 44:6 45:24 46:2,25 47:9 48:2,3,21 50:19,25
**complaints** 19:24
**complete** 13:12 17:2 53:6
**completely** 12:16
**complications** 5:6
**conceal** 32:12 33:8 35:4
**concealed** 28:10,13,21
**concealment** 27:5 29:8,13 31:13 32:1 33:6,11,12,15 33:22 35:12,17 35:24
**concealments** 47:16
**concede** 14:6 16:16
**concerns** 18:11
**concluded** 52:7
**concludes** 51:10
**conclusion** 52:1
**conclusory** 42:19
**concrete** 8:19
**conduct** 14:21 14:22
**conducting** 24:9
**confer** 1:9 3:8 3:25 4:4,6,10 4:12 5:4,23 6:15 11:5 13:13 15:19 17:2,16 20:6 20:13 25:8 26:25 29:10 31:20 33:17 36:4,11 41:18 43:2,6 44:19 46:3 49:3 51:8 52:1
**conference** 13:25 52:3

**conferred** 6:5 36:15 51:18
**confirm** 13:14
**connection** 6:20 7:2,7 9:13 14:14 15:18 36:9 41:17
**consent** 11:13 11:14 12:4 16:24 21:20 35:11
**consequential** 20:25 40:23
**consider** 22:21
**considered** 44:3
**constitute** 33:11
**constitution** 8:16
**consumer** 7:1 7:10 18:18
**consumers** 18:20 30:21
**contained** 11:22 34:6,22
**contemplated** 46:5
**contend** 29:21
**content** 32:16
**contention** 8:13
**contentions** 20:14
**contest** 35:18
**context** 41:1
**continue** 5:16 21:16 22:19
**continued** 24:3 35:15
**continues** 4:3
**contract** 23:22 25:24 26:22 30:10
**contractual** 24:19
**control** 5:12 36:24 38:23
**controversy** 46:23
**convening** 5:2
**coordinate** 19:13
**coordinated** 19:16
**copies** 4:12
**correct** 16:9
**cost** 9:19 28:1
**costs** 9:21
**counsel** 2:1 3:22 5:15,24 6:4 24:11 36:24 53:9
**counsel's** 4:1
**county** 53:13
**course** 10:12 11:3,16 23:1 38:25 42:4 43:22 50:23
**court** 1:1,16 3:9,17,20,25 4:3,4,16 5:4,9 5:14 6:14,25 7:9,15 13:22 18:1,6,9,9,12 18:25 19:5,14 20:3 22:14 23:1,4 24:6,10 25:15,22 31:22 34:8,9,13,16 36:6,22 37:23 38:1,11,20 39:1,5,24 41:15 43:5,13 46:5 49:16 50:17 51:3,9 51:25 52:4 53:3,24
**court's** 46:5
**courts** 18:3 19:3 37:20 38:15,22
**cover** 12:17 35:22
**covered** 36:15 51:19
**cpsc** 7:17 9:24 19:8,14 20:11 22:3 38:8 48:10
**create** 10:24 43:25
**crux** 42:19
**customers** 43:16
**cv** 1:5 3:12

**d**

**d** 3:1 17:24
**damage** 27:11
**damages** 12:16 12:24 20:23 21:11,16 27:24 28:1 31:9 40:21,23,24 41:14 42:5,21 44:8
**dangerous** 9:9
**dangers** 11:22 30:20
**date** 1:11 5:5
**david** 2:10 3:4 4:24
**david.ross** 2:12
**day** 6:7 53:12
**dc** 2:12
**deadline** 6:6
**deceit** 30:9
**decides** 18:9
**deciding** 18:10
**declining** 19:14
**defect** 28:10,13 28:22
**defective** 27:19 27:24
**defendant** 1:7 2:8 3:15,18,21 5:16 6:4,10,24 11:19 12:21

15:9 16:9,18 22:5 26:2,11 26:18,20 28:10 28:12,15,21 29:11 30:1,19 31:4,7 32:11 33:7,7,12,17 35:21,23 37:3 37:22 38:13 39:18 40:2,10 43:7 44:10,20 45:2,20 49:3 50:2,16 51:11
**defendant's** 7:25 8:17 10:6 10:21 11:14,17 13:7,18 14:2 14:17,25,25 15:1 17:3,25 21:21 22:13 23:11 24:13,14 25:5,10 26:3 27:9 28:2 29:5 29:15,18 30:24 31:25 32:19 33:13,21 35:10 35:15 37:5 39:3,20 41:25 42:12,16 46:7 48:24 50:10,14
**defendants** 6:1 6:5 8:12 9:15 15:18 17:22 20:15 21:25 22:24 23:7,8 31:23 35:3 36:8 40:1,19 41:18
**defendant’s** 4:1
**defenses** 47:22
**deficient** 29:9
**definitive** 15:14
**delay** 24:5
**demonstrate** 4:6 15:2,3,17 37:18
**denied** 3:17 4:8 19:22
**deposition** 52:7
**depth** 45:1,1
**determination** 32:25 37:10,16 38:3,11 47:25 51:5
**determinative** 37:13
**determine** 18:11 25:23
**determining** 49:16
**development** 49:15
**deviating** 23:21
**dicker** 2:10
**differ** 47:17,20
**different** 47:21 47:21
**disagree** 21:19 35:11 42:2 45:17 49:25
**disagrees** 45:25
**disclose** 35:2
**discovery** 38:4 38:9,18,20,24 39:18 41:4 50:3 51:5
**discretion** 18:10 38:23 39:1
**discretionary** 19:6
**discuss** 4:1 8:8 8:9 37:1
**discussed** 51:15
**discussing** 24:13 36:18,21
**discussion** 7:15
**dismiss** 3:16,18 3:21 6:11,21 8:5,12 9:16 11:8,13 12:4 15:21 16:1,24 17:22 20:10,14 20:19 21:4,20 22:12,16,23,25 23:1,5 25:6,11 26:15 29:12,17 31:1,18,24 33:18,24 35:11 36:9,16
**dismissal** 17:16 17:23 33:22
**dismissed** 17:9 23:3,23 31:14 33:16
**dismissing** 13:15 26:23
**dispositive** 44:1
**dispute** 4:8 7:3
**distributed** 7:5 47:10
**district** 1:1,1 38:22
**doctrine** 27:8 27:10 28:4,8 28:19 29:9,20 30:5,7,18 31:2 31:7
**documentation** 7:12,18
**door** 24:1
**downriver** 43:19
**dropped** 34:24
**due** 5:6,11

**e**

**e** 3:1,1 17:24,25
**earlier** 36:21 44:25
**early** 37:10 39:4
**easley** 53:13
**eastern** 5:3,6
**ecf** 3:10
**economic** 12:9 27:7,9 28:4,8 28:19 29:9,19 29:20 30:4,7 30:17 31:2,6 31:10,14

**edelman** 2:9
**edges** 9:9
**efficient** 46:22
**effort** 4:7
**either** 11:8 13:15 15:6,21 24:19 32:8
**elements** 30:15 30:23 33:25 47:21
**elser** 2:9 3:4
**enforced** 25:14
**engage** 12:19
**enjoin** 16:8
**enrichment** 23:8,10,13,16 23:21 24:14,15 24:23,24 25:7 25:12,13,19 26:4,15 47:15
**enter** 7:9
**entire** 47:10
**entitled** 50:1
**eric** 1:16 53:3 53:23
**escape** 28:18
**establish** 9:17 10:7 13:8 14:18 15:12,13 15:15
**established** 7:2 13:17 15:1
**establishes** 18:25 40:10
**et** 1:3 2:3 3:11 50:6
**event** 3:20
**events** 53:10
**evidence** 7:16
**exactly** 21:7 48:13
**examination** 48:4
**example** 28:3
**exceed** 12:6
**exception** 28:8 28:16 30:4 31:15 44:4
**exceptions** 29:20 30:7
**excess** 21:12
**exist** 21:1 25:3 30:7
**existed** 19:10 30:2
**existence** 22:3 24:20 25:3 29:4 38:8
**exists** 37:12
**experience** 48:13
**experienced** 9:4 27:18
**expires** 53:24
**explain** 11:16
**explanation** 45:1
**exposure** 14:20
**express** 47:15
**expressly** 40:20
**extension** 6:1
**extent** 9:19

**f**

**face** 35:7
**fact** 9:24 14:21 15:8 19:9 26:6 30:12 36:2 41:3 46:18 47:1,24
**facts** 15:3 47:2
**factual** 32:7,10 43:20 49:15
**fail** 40:6
**failed** 32:4,7
**fails** 10:23
**failure** 4:9 35:2
**fair** 46:22
**fairly** 8:20
**faith** 4:7,10 30:17 36:15,19 51:19
**fall** 30:4,17
**false** 32:16
**family** 9:12
**far** 32:20
**favorable** 8:21
**featured** 7:12 7:18
**february** 1:11 3:5,10,23 6:14 53:12
**federal** 7:16 32:6 37:9 40:4 46:9 47:5
**file** 3:15,21 6:2
**filed** 3:18 4:15 5:25 6:6,8,10 6:20 7:8 8:5 10:11 19:11 37:3
**filing** 10:12,15 37:23
**final** 31:23 46:6
**finally** 32:9
**find** 19:3
**finding** 20:3 47:4
**firm** 4:22
**first** 7:14 8:24 10:13,18 11:5 11:19 14:8 15:23 17:4 19:18,25 22:24 23:1,7,20 27:22 28:12,17 29:3 31:24 32:1,3,20 35:18 38:7 39:9 40:1,7,18 41:6 42:20 44:5 45:23 46:25 47:8 48:1,21 50:19
**fmo** 1:5 3:12
**follows** 24:3
**foregoing** 53:5
**form** 38:4 45:21

**forth** 15:22 16:23 19:25 38:7 40:7 45:23 47:19 50:20
**forthcoming** 22:19
**found** 21:7
**frame** 4:18
**fraud** 32:12,13 35:22
**fraudulent** 27:5 28:23 29:8,13 31:13 31:25 32:9,23 33:1,5,12,15,22 35:12,12,17,24 47:16
**front** 41:7 46:4
**full** 9:22 10:4 18:19 19:1,1 20:12 22:4 24:21
**fund** 41:10 44:3,9
**funds** 26:8
**further** 12:18 13:2 31:21 34:17 44:25 49:15 53:8
**future** 14:8,10 14:22,24 15:4 15:16 16:21 27:1 43:4 46:4

**g**

**g** 3:1,13
**generic** 32:21
**given** 17:4 20:14 24:20 30:19 39:16 46:10
**glazier** 1:16 53:3,23
**go** 5:22 24:12 34:16 39:9 52:5
**going** 22:18 24:4 27:2
**good** 3:3 4:6,10 4:19 30:17 36:15,19 47:12 51:18
**government** 43:17
**grant** 38:15
**granted** 37:20
**ground** 20:20
**grounds** 22:22 23:2,4 26:21

**h**

**hand** 19:13 53:11
**hands** 30:1
**hannah** 1:3 2:3 3:11 4:20 9:1
**happy** 11:16 13:2 39:11
**harm** 9:4 15:4 27:15,18,20 28:13,25
**harms** 12:9
**hear** 13:23 18:3
**heard** 35:20
**hereunto** 53:11
**hide** 32:11 35:22
**hold** 23:25
**hosting** 51:24 52:2
**hurtado** 4:21 9:2

**i**

**identified** 34:3 34:19
**identifying** 34:4,20
**identities** 32:17
**illegal** 14:20
**imminent** 8:20 15:4
**impacting** 47:3
**impalement** 9:10 14:12,16
**implicated** 47:14
**implication** 50:21
**implied** 47:15
**imposed** 4:9
**imposing** 43:17
**impossible** 39:22
**improper** 46:10
**inaudible** 34:7 34:10 37:14
**incidental** 21:1 40:9,24 41:1 42:3,22
**incidents** 5:8
**include** 4:12 50:2
**including** 5:7 35:6
**inconsistent** 43:25
**increased** 19:7
**independent** 23:10,16 31:8 31:9
**indicate** 5:19
**indicated** 5:19
**indicative** 48:17
**individual** 14:5 15:21 16:2 44:7,11,13 46:20 47:2,3 48:4,7,9,10,11 48:12
**individual's** 50:4
**individualized** 48:16,23 50:3 50:24
**individually** 16:7,22 17:8
**individuals** 47:13 48:13

49:19
**inequitable** 25:1
**information** 35:4
**inherently** 50:24
**injunctive** 14:5 14:19 15:5,13 15:22 16:3,6 16:25 17:8,11 17:17 40:9,25 41:10 42:3,22
**injured** 9:2
**injuries** 12:5,6 12:14 28:15
**injury** 8:18,19 9:11,18,20 11:22 15:16 27:11
**inside** 51:2
**instances** 41:8
**instituted** 7:6 19:11
**institution** 10:11
**insufficient** 10:3 13:7 14:18 15:11,11 19:23 42:19
**intend** 50:15
**intent** 15:14 30:14,19 35:3
**intentional** 30:9
**intentionally** 28:22
**interest** 44:2
**interested** 53:10
**interpretation** 48:6 50:23
**interpreted** 47:18
**involved** 4:18 50:23
**involvement** 30:9
**issue** 4:7 8:25 9:5 11:6 13:5 13:13,20 14:1 22:18 23:12 26:5 31:21 33:8,10 36:5 37:23 39:18 42:2 43:4,18 44:4 48:14
**issued** 3:9,13
**issues** 8:7 24:8 24:9 36:7,16 36:23 38:1 47:23 49:16 51:11,13,19

**j**

**join** 36:23
**judge** 3:13
**judicial** 6:22,23 6:25 7:9,10,16 7:21,22 8:1 18:12 19:15
**juncture** 38:2 49:1
**jurisdiction** 18:3,6 19:5 21:6
**justifiable** 19:14
**justifiably** 19:3 20:9
**justified** 20:3
**justifies** 18:16

**k**

**k** 2:11
**keep** 35:4
**knocking** 24:1
**know** 24:9 28:24
**knowledge** 30:19

**l**

**l** 3:13 17:24
**labeling** 15:10 16:9
**lack** 8:14 12:4 13:14 14:4 15:5 23:2 46:12 50:20
**language** 43:12
**large** 18:24 53:5
**law** 1:13 4:22 11:4 15:1 17:7 17:12 18:25 21:3 23:12,14 23:18 25:15,21 26:19 37:12,12 37:17 40:10 46:18 47:1,24
**laws** 46:11 47:2 48:22 50:21
**lawsuit** 10:8,15 19:11 20:21 21:8
**lawsuits** 10:11 43:25
**lay** 21:5
**leave** 23:23
**lesser** 12:11
**letters** 4:12
**liability** 27:3 29:7,12 31:12 47:16
**lies** 38:25
**lieu** 20:10
**light** 21:16 26:5 31:1
**likelihood** 15:16
**likely** 20:15
**limited** 41:10 44:3,9
**litigation** 45:10 49:14
**little** 34:17 44:25
**llc** 1:6 2:8 3:12 7:5
**location** 1:13

**loss** 27:7,9 28:4 28:8,19 29:9 29:20,21 30:4 30:7,18 31:2,6 31:10,14
**lost** 12:14
**loudly** 13:24

**m**

**m** 17:25
**made** 12:20 20:15 33:2 37:10,17 38:11 47:25 50:5
**maintain** 21:15 26:1,6 30:13 30:22 34:2,18 35:8 49:17,22
**maintained** 26:13 42:9
**maintains** 26:19 31:7 45:20 50:2,16
**major** 8:9
**make** 5:11 9:25 14:13 19:19 32:7 38:19 51:5
**making** 25:1
**manner** 28:23
**manufacture** 10:8
**march** 3:16
**marketing** 16:9
**materially** 47:17
**matter** 7:3,7 10:12 11:9 37:4 38:19 39:2 48:19
**matters** 9:24
**matthew** 4:21 9:1
**mean** 8:14
**means** 45:18 46:16 48:18
**meet** 1:9 3:8,24 3:25 4:4,6,10 4:12 5:4,9,16 5:23 6:15 11:5 13:13 15:19 17:2,16 20:6 20:13 25:8 26:25 29:10 31:20 33:17 36:4,11 41:18 43:2,6 44:19 46:3 49:3 51:8 52:1
**meeting** 3:5 4:17 5:21 17:15 26:18 52:2
**member** 9:12 46:14 50:1
**member's** 48:5
**members** 16:14 43:14 44:12 46:19,20 47:3
**mention** 35:18
**mentioned** 36:21
**mere** 33:9
**merely** 40:9 42:3,22
**met** 6:4 30:23 36:15 51:18
**methods** 46:21
**midst** 24:13
**militate** 18:11
**million** 28:14
**minds** 17:15 26:18
**minute** 24:6
**misleading** 35:20
**misrepresent...** 32:18
**modified** 14:23
**monetary** 27:25 40:8,21 40:23 41:1 42:5 44:8
**money** 41:7,13 42:20
**moneys** 40:22
**moot** 18:1,2,5 18:13 20:4,21 21:7
**mooted** 19:4 21:13
**mootness** 17:24 17:25 18:17 19:6 20:8,16 21:21 22:1,10 22:15 23:4
**morning** 3:3 4:19 5:3,21
**moskowitz** 2:9
**motion** 3:15,16 3:17,18,21 6:10,11,20,21 6:21 8:4,7,12 9:16 17:22 21:4 22:19,22 22:25 27:1 31:24 36:9,16 37:1,2,4,5,7,13 37:24 38:2,5 38:12 39:3,6 39:15,20 40:2 43:4 46:4,6 51:4,12,13,20
**motions** 4:2,8 4:11,14 6:2,7,9 6:13,24 7:23 13:21 37:18 38:15 51:9
**move** 22:18,21
**mrw** 3:12
**mrwx** 1:5
**multiple** 49:18
**multiplicity** 43:24

**n**

**n** 3:1,13 17:24 17:25
**name** 3:3
**named** 8:14 9:1 46:13 48:4

**nationwide** 46:8,15 47:7 47:11 50:12,21
**necessarily** 47:11
**necessary** 25:18 47:4 48:24 50:25
**need** 36:5
**needs** 43:14 51:3
**negates** 24:21
**negative** 19:23
**negligence** 27:4 29:7,12 31:12 47:17
**neither** 8:25 9:10 11:21 32:9 53:8
**newer** 45:5
**nondisclosure** 33:10
**nonspecific** 32:21
**notably** 19:13
**notary** 53:4
**notice** 6:22,24 6:25 7:9,10,16 7:21,22 8:1 28:15
**november** 6:3,3 6:6,7,9,12 8:5
**number** 3:10 3:12
**nw** 2:11

**o**

**o** 3:1,13 17:25 17:25
**obtain** 10:2 14:19 23:5 48:11,12
**obtained** 11:1
**obviously** 9:23 11:6 13:6,18 17:3,12 19:7 22:14 24:9,20 44:8
**occur** 5:5 38:10
**occurred** 9:11
**offer** 12:20 19:1,1 21:14
**offered** 7:17 18:21 19:22
**office** 4:1,25 5:10
**offices** 1:13 3:6 4:17 6:17
**official** 53:12
**okay** 13:6,22 13:23 17:20 36:13 42:14
**olguin** 3:13
**once** 19:12
**ongoing** 18:17
**opportunity** 13:11 18:19 28:5
**oppose** 7:22,25 21:21
**opposition** 21:4
**oppositions** 6:8
**option** 10:20
**order** 3:9,14,20 4:3,16 5:4 6:14 7:10 12:1 38:10 46:5
**original** 10:11 21:4
**originally** 8:5
**outset** 38:16 39:7
**outside** 13:20 21:1 30:17 36:24
**overall** 17:23
**own** 15:6 44:15 50:4
**owner** 43:18
**owners** 43:19

**p**

**p** 3:1 17:24
**packaging** 14:15,23
**paid** 12:11 40:22
**papers** 21:4 22:6
**parameters** 38:18
**parrot** 43:11
**part** 3:14 16:11 17:15 20:5,5 20:12 25:7 29:10 33:16 36:10 43:1,5 44:19 49:2
**partic** 13:20
**participate** 4:9
**particular** 12:25 13:13,20 16:10 18:15,16 23:12 27:6 32:14 36:5 39:9,20 40:21 42:1,6,8,23 43:4 45:21,25 47:23 48:19 50:4
**particularity** 32:5,22 33:25 34:5,21
**particularized** 8:19 50:2
**particularly** 13:9 47:12 48:22
**particulars** 48:9
**parties** 3:22 4:7 13:19 17:12,14 22:11 26:17 31:19 32:17 36:4
**party** 24:25 37:15,16 53:9
**party's** 21:25
**past** 14:20
**pause** 8:9

**payment** 25:2
**pending** 53:9
**permit** 33:8
**permitted** 21:15 38:25
**person** 3:25 4:24 5:10,16 6:15,17 24:7 24:11 36:24 52:2
**personal** 9:11 9:18 11:21 27:11,18
**persuasive** 22:9
**pertinent** 35:5
**phone** 5:7 24:8
**pickens** 53:13
**place** 3:24 32:15
**plaintiff** 4:20 9:10 10:22,23 14:19 19:12 23:15 27:10,11 32:8,10 45:24 48:4 50:10 52:2
**plaintiffs** 1:4 2:3 4:1 5:25 6:4,8 7:20,25 8:13,13,14,18 9:1,6,16,20,25 10:5,7,17,25 11:6,8,13,15,20 12:3,5,8,13,19 13:3,4,14,15,16 14:4,8,13 15:2 15:15,19,25 16:1,5,12,16,19 16:24 17:10 18:7,22 19:3 19:18,25 20:6 20:9,13,18,19 20:23 21:10,11 21:16,18,19 22:7,12,15 23:2,19 25:6,9 25:11,17 26:1 26:5,9,14,22 27:14,25 28:5 28:24 29:11,16 29:17,21,24 30:13,16,22,25 31:5,11,17,25 32:3,6 33:3,16 33:18,23,23 34:2,7,18,23,25 35:6,8,16,17 36:1 37:23 39:8,13,14 40:3,8,20 41:19 42:2,4 42:12,25 43:2 43:11 44:18,20 45:6,12,17 46:11,14,25 47:7,14 49:4,6 49:8,10,19,22 49:24 50:10,15 51:6
**plausibly** 26:10 35:2
**plead** 31:6
**pleading** 6:2 7:8 26:9 35:1,9 50:8
**please** 52:6
**pled** 25:14 26:12 29:24 33:25
**point** 39:19
**points** 45:5
**portion** 5:23 34:10
**posed** 30:20,21
**position** 7:21 8:17 10:6,21 11:7,14,18 13:4,4,7,16,18 14:17,25 17:3 17:10 18:1 21:8,11,22,25 21:25 22:7,9 22:13,15 23:9 23:11 24:14,15 24:20 25:6,11 26:3 27:9,14 28:2 29:5,16 29:19 30:25 31:5,18,25 32:19 33:13,21 35:10,15,24 36:1 37:5 39:3 42:1,12,16,25 45:20 48:24 51:6
**positions** 17:13 50:10
**possibility** 24:22
**potential** 28:13 33:10 45:18
**potentially** 15:9 30:21
**poulin** 1:13 2:4 3:6 4:22
**power** 18:12
**practicable** 37:11
**practice** 13:21 22:20 27:1 43:5 46:4 51:9
**practices** 15:10
**preclude** 31:10 47:3,24 48:16
**predominance** 46:12 47:4,24 48:17
**predominate** 46:19 47:2 49:17
**prejudice** 3:19
**preliminary** 6:20
**premature** 39:21 49:12,13
**premise** 24:23
**presence** 17:5
**present** 17:11

**presented** 8:22 18:4 29:1 33:14 38:5,6 38:17 41:11 48:20 49:1 51:9
**presents** 11:19
**preserved** 42:10
**presupposes** 24:25
**prevail** 18:7
**previous** 34:10
**previously** 45:4
**price** 20:24
**primarily** 40:8
**primary** 41:2 42:21
**prior** 10:10,15 30:2
**procedure** 32:6 37:9 40:5 46:10 47:6
**proceed** 8:8
**proceeding** 39:5
**proceedings** 24:2
**process** 4:10 13:13 17:3,16 20:6,11 25:8 26:25 29:10 31:20 33:17 36:4,11 38:24 41:18 43:2,6 44:20 46:3 49:3 51:8 52:1
**produce** 52:5
**product** 7:1,11 12:9,11,15 14:24 15:9,14 18:18 27:13,16 27:17,19,20,23 28:1 29:1 33:9 40:22 48:8
**products** 11:23 14:10,14,15 16:17,21 28:14 30:20 35:5
**program** 19:10 19:24
**prohibited** 37:8
**promise** 19:13 19:15
**proper** 20:7 25:23 37:25 40:13 48:25 50:16
**properly** 7:15 24:15 25:14 26:2,4 34:3,19 35:25 37:6,17 39:4,5 40:5 41:9 42:23 43:1 45:10,19 45:22 49:1 50:18
**property** 27:12 27:12,21
**provide** 10:4
**provides** 20:22 21:2,9,12
**prudential** 17:24 18:5,11 18:13,17 19:6 20:8,16 21:21 22:1,10,14 23:4
**prudentially** 20:4,21 21:7 21:13
**public** 22:3 53:4
**publicly** 19:8 51:1
**punitive** 40:23
**purchase** 9:4 14:7,10,24 15:9,14 16:17 16:20,20 30:3 48:7
**purchased** 9:14 12:9,10 18:20
**purchaser** 35:5
**purchasers** 15:7 18:23 44:2
**pursuant** 3:9 4:16 5:4
**pursue** 10:19 14:5 15:5 44:14 50:15
**pursuing** 20:10
**putative** 4:22 44:12 46:14 48:5

**q**

**quasi** 23:22 24:19 25:24 26:22
**question** 13:22 26:6 30:12 34:10 39:22 42:10 45:9 47:12
**questions** 13:3 18:2 46:18,20 47:1,24
**quote** 14:11 27:24

**r**

**r** 3:1,11 17:24
**raised** 8:7,12 9:15 17:22 22:25 31:23 36:8 40:2 51:11,13
**raises** 43:8
**rather** 23:11
**rationale** 38:3
**read** 32:8 33:4 34:9 35:19
**readily** 18:22
**reads** 3:20
**reason** 10:17
**reasonable** 25:2

**reasons** 16:23 18:5,14,15 20:2,20 23:5 25:5,12 44:16 45:4 50:9
**recall** 7:1,5,11 7:17 8:1 9:7,21 9:23 10:1,10 10:16,19 11:1 12:6,16 13:10 17:6 18:18 19:2,8,10,24 20:11,22 21:2 21:9,12 22:3 24:21 25:4 26:5 29:4 38:9 48:9,10 51:1,2
**recalled** 28:14
**receipt** 48:5
**receive** 19:21
**received** 6:1 10:3
**receptions** 5:7
**recess** 24:2
**recognize** 20:7 23:9 39:14
**recognized** 24:17 27:8
**recognizes** 29:19
**recognizing** 42:4
**record** 13:25 24:4,5,12 52:3 53:7
**recover** 9:21 27:10,25 28:24
**recovery** 10:4 28:5
**rectifying** 13:19
**redressable** 8:21
**referenced** 7:13
**referencing** 8:24
**refers** 23:12
**reformulated** 14:11,16
**refund** 7:6,13 7:17 9:8,22,23 10:2,3,4,10,16 10:20 11:2 13:10 17:6 18:19,21 19:2 19:9,10,20,21 19:22 20:12 21:14 22:4 24:21 25:4 29:5 38:9 48:9 48:12,12 51:2 51:2
**related** 11:22 12:15 14:3 53:8
**relates** 29:16 35:2 42:1,5
**relationship** 30:2
**reliance** 50:5
**relied** 48:7
**relief** 10:9 14:5 14:19,19 15:5 15:13,22 16:3 16:7,11,19,25 17:8,11,17 40:8,9,24 41:1 41:2,10,16 42:3,17,21,22 44:14 45:21 50:1
**remains** 13:1
**remedial** 19:12
**remedied** 26:25
**remedies** 20:11 20:25 21:1
**remedy** 10:22 10:24,25 16:13 19:15 23:15 26:21 44:13
**remotely** 1:16 24:10 36:23
**remove** 41:20 42:13 43:3 44:21 45:6,13 49:4,9 50:11
**removed** 45:2 46:1
**repeatable** 14:22
**repeatedly** 40:20
**replies** 6:10
**reported** 1:15
**reporter** 1:16 4:5 5:9,14 13:23 24:6,10 34:8,9,13,16 36:22 39:24 51:25 52:4 53:1,3,24
**represent** 16:15 49:19
**representation** 32:16
**representations** 48:6
**request** 6:22,23 7:9,21,22,25 8:1 15:20 25:8 29:11 40:8 41:7,20 42:3 43:21 44:21 45:25 49:4
**requested** 6:25
**requests** 33:17 42:23 44:20 49:3
**require** 14:15 48:3,15
**required** 12:1 30:14,23 32:5 34:1
**requirement** 11:24 12:18 35:1
**requirements** 25:19 32:22

34:4,20 35:9
**requires** 32:12
**requisite** 35:1 43:19
**resolve** 4:7 31:20
**resolved** 36:3 43:5 46:2,3 51:7
**resources** 44:11
**respectfully** 35:11 42:2
**respond** 11:11 11:25 39:8,12 45:5
**response** 6:2 7:24 25:10 29:15 33:21 41:25 49:8
**responsibility** 29:25
**restitution** 19:1
**result** 9:4 27:19
**resulted** 6:15 7:5
**retained** 25:2
**retaining** 24:22
**retention** 24:25
**review** 48:5
**right** 13:23
**rights** 43:18
**risk** 43:25
**road** 42:11
**ross** 2:10 3:3,4 4:24 5:2,15,17 8:3 13:6 14:2 17:1,20 20:17 21:23 24:4 26:16 31:3 33:20 35:14 36:13,20 39:25 41:24 42:14 44:23 45:14,15 50:13 51:17,23 52:4,6
**rule** 7:16 23:6 31:10,15 32:5 32:12,22 37:7 37:8,21 40:4 40:12,16 41:16 41:17,21,22 42:18 43:10,12 43:21,23 44:15 44:17,22 45:8 45:18 46:9,17 47:5 48:25 49:5,9 50:11 50:15,17
**rules** 29:21 32:6 37:9 40:4 43:12 46:9 47:6
**ruling** 8:22
**rulings** 44:1

**s**

**s** 3:1 7:4 17:25 17:25 53:3,23
**safe** 14:11,16
**safety** 7:1,11 18:18
**sanctions** 4:9
**satisfied** 13:1 29:22 34:4,20 35:1,9
**satisfy** 11:20 12:21,24 32:21
**satisfying** 44:7
**saw** 33:4 35:19
**says** 4:11
**sc** 1:14 2:6
**scheduled** 5:4,5 5:8
**scratch** 21:19
**se** 37:21
**seal** 53:12
**second** 23:25 43:8
**seek** 10:5,9,25 14:18 15:12 16:15,19 20:23 20:25 21:11,17 27:25 40:25 41:9,20 42:5 42:17 44:18 47:7 48:11
**seeking** 3:24 12:22 16:8 18:24 37:13 41:16
**seeks** 20:22 21:8
**set** 15:22 16:23 19:25 38:7 40:7 45:23 47:19 50:19
**shark** 7:4 9:3,8 11:23 14:7 15:7 18:20 27:16 30:3 40:22 47:9 48:8,14
**sharp** 9:9
**shipped** 47:9
**show** 28:20
**shows** 26:20
**sides** 11:5
**signature** 53:23
**similar** 18:4
**similarly** 44:2
**simply** 43:11
**situated** 44:2 45:19
**situation** 20:8 28:7,11 31:8 51:3
**situations** 18:4
**sold** 47:10,13
**soon** 37:15
**sorry** 21:19 34:12
**sort** 19:15 24:22 28:9,10 28:23 32:18,25
**sought** 5:13 16:11 41:2 42:21 45:22

**sound** 38:25
**sounds** 17:14 21:24 22:17
**south** 3:7 5:1 6:17 53:4,13
**speak** 4:18
**speaking** 13:24
**specific** 9:13 32:16,23 43:11 48:14
**specifically** 14:4 27:3,16 29:6
**specificity** 32:13
**stage** 26:9 39:4 39:23 42:11 45:11 49:14 50:7,8
**standalone** 26:21
**standing** 8:14 9:17 10:7,8,24 11:7,15,20,24 12:2,4,19 13:1 13:5,9,14,17 14:3,4,18 15:5 15:12,17 18:8 23:3
**start** 5:20
**state** 11:7 14:8 25:21 32:4 38:14 46:11 49:11,24 53:4
**stated** 32:13,17 45:4
**statement** 33:1 33:5 35:20
**statements** 19:24 32:9,23 50:4
**states** 1:1 3:14 8:15 37:7 47:11,13,20 48:23 49:18,20 50:22
**stating** 47:8
**statutory** 44:7
**street** 1:14 2:5 2:11 4:25
**strength** 17:7 22:5
**stricken** 42:24
**strict** 27:3 29:6 29:12 31:12 47:16
**strike** 3:16,18 3:22 6:11,21 37:2,7,18 38:2 38:12,15 39:3 39:7 40:2 41:15 46:7 51:12,14,20
**strip** 19:5
**subject** 6:14 7:3,8 27:1 43:4 51:8
**submissions** 15:2
**submit** 31:21 47:1
**sue** 10:25
**suffered** 11:21 12:5,8,14
**sufficiency** 19:20
**sufficient** 15:3 15:17
**sufficiently** 16:6 31:6
**suite** 2:11
**suited** 45:10 49:12,13,23
**sum** 32:12
**summary** 21:18 26:14 30:25
**superior** 46:16 46:21 48:18
**superiority** 49:21
**support** 12:1 17:12 41:12 43:20 44:10 49:10,24
**supported** 16:4 25:20,21
**supports** 25:15
**supposed** 24:6

**t**

**t** 17:24,25
**table** 36:25
**take** 6:25 7:20 8:1 18:23 21:25 22:9 23:8
**taken** 32:11 35:21
**takes** 35:24
**tax** 43:17
**technical** 14:1
**tell** 34:13
**terms** 47:18
**textbook** 28:3
**thank** 5:17 8:3 11:12 17:1 20:17 21:23 26:16 31:3 33:20 35:14 39:25 41:23 42:14 44:23 45:3,14,15 49:7 50:13 51:23 52:2
**thanks** 39:11
**theory** 23:13
**thereof** 50:20 53:10
**things** 5:11
**think** 17:7 18:25 20:2 23:17 30:11 51:25
**third** 17:21
**thought** 24:1
**threat** 15:4
**three** 8:15 9:17 11:15,20,24 12:19 13:1,5,9 13:17 18:6,8

**threshold** 8:11 13:14 17:21 37:4 39:2 40:11 48:1
**till** 6:6
**time** 1:12 3:6 3:24 4:18 5:3,5 5:6,8,20 32:15 36:18 37:11 39:19 42:13 45:10 51:22
**timely** 37:6
**today** 3:5 4:17 6:16 7:15
**took** 7:15
**topic** 7:14 8:9 11:18
**topics** 8:7
**tort** 27:3,7,10 28:5,25 29:6 29:16,17 30:16 31:1,8,9,11
**tortious** 30:8
**touched** 43:9 44:24
**towards** 43:16
**toy** 9:3,18,20 14:7 16:10 27:17 40:22 47:9 48:8,14 50:5
**toys** 7:4 9:5,8 9:13 15:7 18:20 20:24 21:14 27:20 30:3
**traceable** 8:20
**traffic** 5:8,11 24:8
**transcribed** 4:4 5:22
**transcript** 4:5,5 4:13,14 5:19 52:5 53:6
**treat** 18:13 43:14
**treated** 18:3
**tried** 10:1
**true** 53:6
**try** 10:7 33:8 42:17
**turn** 8:4 11:10
**turned** 10:2
**two** 8:14,25
**type** 41:10

**u**

**u** 3:11,11,11,13 9:1 17:24
**unable** 23:19 26:17
**under** 7:16 8:15,22 13:9 18:6,8 19:5 23:6 25:24 27:8,9 28:16 29:1,9 30:4 32:5 33:14 35:23 37:6,8 38:13 40:3,4 40:11,16,16 41:11,14,16,21 42:7,18 43:10 43:12,21 44:21 45:7,22 46:6,8 46:12 47:5 48:20,25 49:5 49:9 50:18
**undergo** 16:19
**understand** 17:9 22:7 42:25
**understandably** 11:4
**understanding** 26:3,17,22 29:18 30:24 31:4,17 35:10 36:1 42:12 45:16,24 50:9 50:14 51:6
**understands** 38:13
**undertaken** 33:6,8
**unilateral** 12:20 21:14
**unique** 38:6,16 43:13
**united** 1:1 8:15 47:10
**unjust** 23:8,10 23:12,15,21 24:14,15,23,24 25:7,12,13,19 26:4,10,11,15 47:14
**unjustly** 26:8
**unquote** 27:24
**untoward** 33:1
**use** 12:14 18:12 48:8 50:5
**usual** 38:14
**utility** 43:16
**utilize** 12:20
**utilized** 37:25

**v**

**valid** 23:10
**value** 12:12 25:2
**variation** 46:10
**variations** 49:17
**variety** 11:4 48:22
**varying** 50:22
**vehicle** 37:25 39:7 44:17
**vehicles** 40:13
**versus** 3:11
**viable** 10:17 17:11 25:19 32:2 33:11 35:16 36:2
**viewing** 50:4
**virtually** 5:15
**visited** 39:22
**vs** 1:5

**w**

**wait** 51:4
**waiting** 6:5
**want** 39:8
**wanting** 11:5
**warranted** 22:2
**warranty** 47:15 47:15
**washington** 2:12
**water** 43:18
**way** 5:24 9:21 37:22 47:18,18 47:19
**website** 7:1,11 7:12,17,19 8:2 9:24 19:9 22:3 48:11 51:2
**weight** 26:19
**went** 24:5
**wide** 14:5 15:22 16:22,25 17:9
**willey** 1:13 2:4 3:7 4:23
**willing** 11:8 15:20 20:9,14 41:19
**wilson** 2:9 3:4
**wilsonelser.c...** 2:12
**wishes** 3:21
**withheld** 26:8
**withholdings** 26:11
**witness** 53:11

**y**

**yeah** 43:15

**z**

**z** 3:11
**zuru** 1:6 2:8 3:11 7:4,8 10:2 11:23 24:22 30:1 37:24 44:6 50:5
**zuru's** 48:6

# EXHIBIT B

E. Paul Dougherty, Jr.
Ashan K. Peiris
555 S. Flower Street Suite 2900
Los Angeles, CA 90071
Telephone: 213.443.5100
Facsimile: 213.443.5101
Paul.Dougherty@wilsonelser.com
Ashan.Peiris@wilsonelser.com

David M. Ross, *admitted pro hac vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: 202.626.7687
Facsimile: 202-628-3606
David.Ross@wilsonelser.com

*Attorneys for Defendant Zuru, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

HANNAH BUI and MATTHEW HURTADO, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

ZURU, LLC,

Defendant.

Civil No. 2:23-cv-06125-MRA-MRWx

**LOCAL RULE 7-17 DECLARATION OF DAVID M. ROSS ON BEHALF OF DEFENDANT ZURU, LLC'S RESUBMISSION OF MOTIONS PREVIOUSLY ACTED UPON**

I, David M. Ross, declare as follows:

1. I am an attorney with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and am admitted *pro hac vice* before this Court to represent Defendant Zuru, LLC ("Zuru") in this action.

2. I submit this Declaration pursuant to Local Rule 7-17 on behalf of Zuru to set forth the material facts and circumstances of Zuru's Motion to Dismiss and Motion to Strike Class Allegations, given the reassignment of this action on February 23, 2024 from Judge Fernando M. Olguin to the calendar of Judge Mónica Ramírez Almadani.

3. On October 6, 2023, Plaintiffs filed a First Amended Complaint against Zuru. Doc #26. Zuru's deadline to respond to the First Amended Complaint was, through stipulation, extended to November 10, 2023. Doc #27.

4. On November 3, 2023, counsel for Zuru and Plaintiffs met and conferred and discussed the grounds that Zuru intended to raise in a planned Motion to Dismiss filing and Motion to Strike Class Allegations filing. Plaintiffs did not agree with the grounds raised.

5. While Zuru had until November 10, 2023 to file, Zuru filed its Motion to Dismiss (and associated Request for Judicial Notice) and Motion to Strike Class Allegations on November 3, 2023. Doc #28, #29.

6. On November 24, 2023, Plaintiffs filed their Oppositions to both motions. Doc #34, #35.

7. On November 30, 2023, Zuru filed its Replies in support of its Motion to Dismiss and Motion to Strike Class Allegations, resulting in the full briefing of the motions by the parties. Doc #39, #40.

8. Zuru's Motion to Dismiss and Motion to Strike Class Allegations were set for oral argument on December 14, 2023. On December 8, 2023, by Order of the Court, the oral argument hearing was removed from the docket and the Court took both motions under submission. Doc #45.

9. On February 15, 2024, United States District Judge Olguin entered an Order denying both the Motion to Dismiss and Motion to Strike Class Allegations without prejudice. The Court found that Zuru had failed to comply with the meet and confer requirement under Local Rule 7-3. Doc #46.

10. The February 15, 2024 Order required that Zuru's counsel meet with Plaintiffs' counsel in person, at Plaintiffs' counsel's office, on February 22, 2024, to comply with Local Rule 7-3. The February 15, 2024 Order

required that such meeting be recorded by a court reporter, and that communications related to the conference, and the transcript of the conference, be attached to the Motion to Dismiss and Motion to Strike Class Allegations when they are refiled. Doc #46.

11. The February 15, 2024 Order also set forth a March 7, 2024, deadline for Zuru to refile its Motion to Dismiss and Motion to Strike Class Allegations. Doc #46.

12. Zuru has complied with the February 15, 2024 Order. Zuru's counsel met and conferred in person with Plaintiffs' counsel at the offices of Plaintiffs' counsel in Charleston, South Carolina on February 22, 2024 and discussed the grounds raised in the Motion to Dismiss (and accompanying Request for Judicial Notice) and the Motion to Strike Class Allegations. The meet and confer process was transcribed by a court reporter with Veritext.

13. Given its compliance with the February 15, 2024 Order and Plaintiffs' position at the February 22, 2024 meet and confer that Plaintiffs do not agree with the grounds raised in the motions, Zuru is refiling its Motion to Dismiss and Motion to Strike Class Allegations. Zuru has ensured its Motion to Dismiss and Motion to Strike Class Allegations and related memorandum of law comply with Local Rules 11-3.2, 11-3.8, and 11-6.2, and the February 15, 2024 Order. Zuru is also re-filing its Request for Judicial Notice that accompanies its Motion to Dismiss, but will note that the Request for Judicial Notice is not opposed, as Plaintiffs confirmed at the February 22, 2024 meet and confer.

14. The refiling of the Renewed Motion to Dismiss and Renewed Motion to Strike Class Allegations is also timely, as Zuru re-filed these motions by the March 7, 2024 date set by the February 15, 2024 Order.

///

15. Zuru submits that the Renewed Motion to Dismiss (with unopposed Renewed Request for Judicial Notice) and Renewed Motion to Strike Class Allegations now fully comply with the Local Rules, and the motions are proper for submission, briefing, and decision.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 6, 2024, in Washington, D.C.

David M. Ross