JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-06125-MRA-MRW | Date | August 28, 2024 |
|---|---|---|---|
| Title | Hannah Bui, et al. v. Zuru LLC | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiffs Hannah Bui and Matthew Hurtado filed this putative class action on July 28, 2023. ECF 1. In their operative First Amended Complaint ("FAC"), Plaintiffs allege the following causes of action against Defendant Zuru LLC: (1) unjust enrichment; (2) breach of express warranty; (3) breach of implied warranty; (4) breach of implied warranty of merchantability; (5) fraudulent concealment; (6) strict liability for failure to warn; (7) strict liability for design defect; (8) negligent failure to warn; (9) negligent design defect; and (10) negligence. *See generally* ECF 26.

On August 8, 2024, the Court issued an Order granting Defendant's Renewed Motion to Dismiss Plaintiffs' FAC (the "Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 70. The Court found that Plaintiffs lack standing to bring their claims. *Id.* at 6-14. The Court further found that Plaintiffs fail to state claims upon which relief could be granted for unjust enrichment, fraudulent concealment, strict liability for failure to warn, strict liability for design defect, negligent failure to warn, negligent design defect, and negligence. *Id.* at 14-20. Based on the FAC and the parties' briefing, the Court expressed "serious doubts" that Plaintiffs can amend their pleading to survive dismissal. *Id.* at 21. Notwithstanding these reservations, the Court granted Plaintiffs an opportunity to brief why further amendment would not be futile and why leave to amend its pleading should be granted. *Id.* at 21-22. The Court specifically ordered Plaintiffs to file a memorandum no later than 10 days of the date of its Order (August 18, 2024) and warned that "Plaintiffs' failure to respond shall result in immediate dismissal of this action with prejudice." *Id.* at 22. Plaintiffs did not file any responsive memorandum and therefore failed to comply with the Court's Order.

Accordingly, for the reasons stated in its August 8, 2024, Order and for failure to comply with its Order, the Court **DISMISSES** this action with prejudice. *See id.*; *see also* Fed. R. Civ. P. 41(b). The Court further **ORDERS** the Clerk to treat this Order as an entry of judgment. L.R. 58-6.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | gga |